LOREN A. GALLUP, TRUSTEE IN INSOLVENCY, vs. GEORGE S. SMITH.

New London Co., May T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

It is provided by Gen. Statutes, § 437, that when a probate judge is disqualified or unable to act, " the clerk of the court shall cite in the probate judge of an adjoining district " who shall act in his place. Held that the provision that the clerk shall cite in such other judge is directory and not mandatory, and that where he was cited in by the judge of the court and not by the clerk, and acted in the place of the disqualified judge, his action was legal.

The records of a probate court as to all material facts, except jurisdictional ones, necessarily made a part of the record, and upon which the judgment of the court depends, import absolute verity.

While this is so by the common law rule, it is also involved in the provision of Gen. Statutes, § 436, that " no order or decree of a court of probate shall be attacked collaterally except for fraud or set aside save by appeal."

[Argued May 27th—decided September 12th, 1890.]

ACTION by the plaintiff as trustee of the assigned estate of an insolvent debtor, to recover for personal property of the debtor claimed to have been wrongfully taken by the defendant; brought to the Court of Common Pleas in New

London County. The sole defense was that the plaintiff was not legally a trustee. The case was heard before *Crump, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant.

*S. Lucas* and *C. F. Thayer*, with whom was *G. E. Parsons*, for the appellant.

*D. G. Perkins*, for the appellee.

LOOMIS, J.   The complainant, as trustee of the insolvent estate of Almon Bartlett, seeks to recover, for the benefit of creditors, the value of certain personal property belonging to the insolvent's estate, which, it is alleged, the defendant wrongfully took and converted to his own use.

It is conceded that the defendant, having taken the property, knowing that Bartlett was in failing circumstances, to apply on a pre-existing debt due from Bartlett to him, cannot withhold it from the plaintiff if he is rightfully acting as trustee. The defendant's contention is that the plaintiff is not a lawful trustee for the alleged reason that the court which appointed him was illegally constituted.

The facts appear from the records of the probate district of Montville, which were admitted in evidence against the defendant's objection, to prove that the plaintiff was a lawful trustee to take possession of the property of Bartlett. These records showed a regular petition to the court by Loren H. Gallup, as creditor of the insolvent, in due form praying for the appointment of a trustee to take possession of the property of Bartlett for the benefit of his creditors as provided by statute, and an order of notice by the court thereon fixing the date of hearing the petition, made by the regular judge of the probate court. But before the day appointed by the court for the hearing, Comstock, the regularly appointed judge, had been consulted as counsel in matters growing out of the estate, and he thereupon and for that reason declined to act further in the matter, and cited in Judge A. O. Gallup, the lawful probate judge of

the. adjoining district of Salem, by sending him a letter signed by the court asking him to act as judge of the court of probate for the district of Montville in the matter;—all of which was made a matter of record and signed by Comstock the regular judge. The judge of the adjoining district, in obedience to the citation, held the court in the Montville district on the day appointed, and after a full hearing found the allegations of the petition true, and that Bartlett had failed to satisfy the claim of the petitioning creditor, and therefore granted the prayer of the petition and decreed Bartlett. insolvent, and appointed the plaintiff trustee in due form, and he proceeded with the settlement of the estate.

The only thing relied upon by the defendant to invalidate the plaintiff's appointment as trustee, is the simple fact that the judge of the adjoining district held the court pursuant to a citation by the judge of the Montville district, rather than by the clerk. It is found however that the latter was present during all the proceedings on the part of the judge so cited in, and it was not claimed that the clerk had designated any other judge to hold the court or made the least objection to any of the proceedings.

The defendant appeals to the language of the statute to support his position, which provides that "when any judge of probate shall decline or be disqualified to act as such judge, or shall be unable to discharge his duties, or when the office of judge of probate in any district shall become vacant, the clerk of the court of probate of the district in which such disqualification, inability or vacancy exists * * * shall cite in the judge of probate of an adjoining district, etc."

The force of the argument in behalf of the defendant depends entirely upon the assumption that the above statute is mandatory and not directory merely, and that therefore the precise mode prescribed must be pursued. But if we apply to the statute the most approved tests established by high authority we shall see that the assumption is not well founded.

In the first place the provision in question contains mere matter of direction and there are no negative words import-

ing that the act must be done by the clerk rather than by the court. This was the test laid down in *Pearse* v. *Morrice*, 2 Adol. & El., 96 ; *The King* v. *Inhab. of St. Gregory*, id., 99 ; *The King* v. *Inhab. of Hipswell*, 8 Barn. & Cress., 466 ; *Stayton* v. *Hulings*, 7 Ind., 144 ; and in *Bladen* v. *Philadelphia*, 60 Penn. St., 464.

In *People* v. *Cook*, 14 Barb., 290, which was approved by the Court of Appeals in 8 New York, 67, the rule was laid down that "statutes directing the mode of proceeding by public officers are directory, and are not regarded as essential to the validity of the proceedings themselves, unless it be so declared in the statute." In *Veazie* v. *China*, 50 Maine, 518, it is said : "Where words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory." In *People* v. *Schermerhorn*, 19 Barb., 558, it was held that "statutory requisitions are deemed directory when they relate to some immaterial matter, where compliance is a matter of convenience rather than of substance."

Lord MANSFIELD, in *Rex* v. *Loxdale*, 1 Burr., 445, made the question whether a statute should be considered mandatory or not depend upon "whether that which was directed to be done was or was not of the essence of the thing required." A similar principle was adopted in this state in the *Thames Manufacturing Co.* v. *Lathrop*, 7 Conn., 550, and in *Colt* v. *Eves*, 12 Conn., 243 ; both cases relating to the time specified in statutes for the performance of a required act. In the former the town clerk was required under a penalty to return an abstract of the assessment list of the town to the comptroller by the first day of March. In the latter case a city charter required that a certain number of jurors should be chosen on the first Monday of July, and they were not chosen until the eighth day of August. In both cases it was held that, as there was nothing to indicate that the exact time specified in the statute was essential, it should be considered merely as directory.

All the rules to which we have adverted are consistent with and furnish some support for the position that the statute under consideration is merely directory.

It is of course difficult to lay down a general rule to determine in all cases when the provisions of a statute are merely directory and when mandatory or imperative, but, of all the rules mentioned, the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matter of convenience or of substance.

The thing to be accomplished in this case was to obtain a probate judge from some district adjoining Montville, in order to continue the proceedings legally commenced and pending in the probate court of Montville. To accomplish this the judge of the adjoining district should be informed if possible by some one directly connected with the court in the other district, of the exigency that had arisen, and that his presence and official assistance were desired ; but whether asked to attend by the court or by the clerk of the court would seem about as immaterial as whether he would take one road or another or one vehicle or another to get there.

There is however one reason urged by the defendant for a strict compliance with the statutory requisition which deserves consideration, for, if true, we would be unwilling to pronounce the statute merely directory. The reason alleged is, that the clerk was mentioned because the law was unwilling, so to speak, to trust a disqualified judge with the selection of another judge to take his place. There would be some force in this suggestion if the disqualified judge could substitute any person of his own choice; but the choice is limited by law to the judges of the adjoining probate districts—all duly qualified public officers, elected by the people of their respective districts to perform the same judicial duties that are required of them in the districts to which they may be invited. It is impossible that the law should apprehend danger to be guarded against from a choice among these officials. Should there happen to be in

a given case a personal disqualification, such an one would of course be set aside upon general principles. It would seem impossible that injury should result from a choice by a disqualified judge, when he cannot choose any but qualified judges to try the case, whom the law must regard as equally well qualified.

And besides, the clerk to whom, as the defendant contends, the law has exclusively committed the selection, might also have a personal interest in the same matter, but of which, strangely enough, the law takes no account at all, as it would if it was so scrupulously guarding against such a danger.

If the purpose of the law in the case under consideration is as claimed, our statutes in analogous cases are all strangely defective and inconsistent. By section 673 of the General Statutes, a justice of the peace, disqualified to try a case before him, can designate some other justice to act in his stead; and by section 745 of the statutes, when a judge of the Court of Common Pleas is unable or disqualified to act, he may himself call in, or in his absence the clerk of the court may call in, another judge. In the long time that these provisions have been in operation no mischief has ever been disclosed calling for a remedy, and we do not believe the provision in the probate law under consideration was inserted on account of any evil resulting or anticipated from allowing one judge to cite in another to act in his stead. The requirement under consideration is not a material one for the reason alleged and no other reason has been suggested.

Is it then arbitrarily prescribed as one essential qualification of the substituted judge that he should be cited in in a particular manner? What virtue can there be in the mere citation, other than to signify to him from a responsible source that he is wanted, and induce him to come? We believe the prescribed notice or citation is a mere matter of convenience and not at all a matter of substance.

A brief history of our legislation on this subject will furnish further support for this position. In the several revi-

sions of our statutes, from 1821 to 1866 inclusive, will be found only a general provision that "in case a judge of probate shall be disqualified, the judge of any adjoining district may act in his stead," with no provision whatever for citing him in—thus distinguishing and pointing out the matter of substance, while considering the rest so immaterial as that it might be safely left to the mere discretion of the judge or clerk or some party interested in the pending litigation.

The requirement under consideration (so far as the revised statutes are concerned) first appears in the revision of 1875, where it probably originated, as we are unable to find it from a somewhat hurried examination of the session laws prior to that time. The principal object of the change we think was to promote ·the convenience of the judge to be cited, and to assure him that the call to act came from a responsible source directly connected with the court. Under the present law no duty to act will be imposed on the judge of the adjoining district unless he shall be cited in in the manner prescribed, but he may waive the formality, and if he does so, he may act upon less formal notice with the consent of the clerk and the court, and if he does so, his acts become those of a judge *de jure*, and no one has a right to complain. This conclusion renders unnecessary any decision of the interesting questions discussed by counsel relative to the application of the *de facto* doctrine.

In the argument before this court counsel for the defendant objected to certain amendments that had been made to the original record by the acting probate judge, and asked this court to hold, as matter of law, that the alterations were no part of the record. If such a question was properly before us it would be obviously difficult to comply with any such request, but it will suffice to say that in the court below the finding is very explicit that the defendant's objection to the records in question was upon the sole ground that the acting judge of the probate court had been cited in to hold the court by the judge of the court, instead of by the clerk as required by the literal terms of the statute, so that

this was the only question respecting the records brought before us for review.

One other question only, raised in the court below and decided adversely to the defendant, remains for our consideration. The finding states the question as follows:—"The defendant also offered evidence that no witnesses were sworn or hearing had before said A. O. Gallup" (the acting judge) "on July 30th, 1889, as stated in the records of the probate court, to which the plaintiff objected, and the court excluded said evidence."

The facts offered to be proved did not attack the jurisdiction of the court, but its irregular mode of proceeding, and under the common law rule the records of the probate court as to all material facts except jurisdictional ones, necessarily made a part of it and upon which the judgment depends, import absolute verity. But without the common law, the prohibition contained in section 436 of the General Statutes, that "no order or decree of a court of probate shall be attacked collaterally except for fraud, or set aside save by appeal," would preclude the defendant from offering such evidence.

There was no error in the judgment complained of.

In this opinion the other judges concurred.