**SHEETS, Exr., Plaintiff-Appellant v. HODES, Admr., et, Defendants-Appellees.**

Ohio Appeals, Third District, Crawford County.

No. 1435. Decided January 4, 1943.

494

Edward J. Myers, Bucyrus, for plaintiff-appellant.
Albert N. Cox, Galion, for defendants-appellees.

## OPINION

By GUERNSEY, J.

This is an appeal upon questions of law from a judgment of the Probate Court of Crawford county, Ohio, entered August 5, 1942, dismissing the "action of plaintiff" in a proceeding pending therein wherein appellant Lorin G. Sheets, executor of the estate of Catherine B. Morrison, deceased, was plaintiff, and the appellee Adlene Hodes Vermilya Miller as executrix of the estate of A. K. Hodes, deceased, was a defendant.

On April 23, 1936, Lorin G. Sheets, executor of the estate of Catherine D. Morrison, deceased, filed a petition in the Probate Court of Crawford county, Ohio, against A. K. Hodes, administrator with the will annexed of the estate of Edward A. Morrison, deceased, and A. K. Hodes, individually.

The petition recites that on September 3, 1932, A. K. Hodes was appointed such administrator by the Probate Court of Crawford county; that on June 9, 1934, Lorin G. Sheets was appointed executor of the estate of Catherine D. Morrison, deceased; that Catherine D. Morrison was the surviving spouse of Edward A. Morrison, and that Edward A. Morrison in his will, devised his estate to his said wife. That A. K. Hodes as administrator, failed, neglected and refused to list and schedule among the assets of the said estate of the said Edward A. Morrison an indebtedness in the sum of four thousand dollars owing by said A. K. Hodes individually, to the estate of Edward A. Morrison, deceased. That on or about April 7, 1932, A. K. Hodes borrowed from Edward A. Morrison said sum of

money and that the same has not been repaid by said A. K. Hodes to said Edward A. Morrison in his lifetime, nor accounted for by said A. K. Hodes, nor paid to the estate of Edward A. Morrison. That said A. K. Hodes well knew of said indebtedness and purposely withheld all knowledge and information in respect thereto from the heirs of Edward A. Morrison, deceased. That upon proper accounting and distribution of the assets of the estate of Edward A. Morrison, Catherine D. Morrison was entitled to said four thousand dollars with interest, and that by reason of the death of said Catherine D. Morrison, her executor is entitled to said fund. That said A. K. Hodes, individually and as administrator of the estate of Edward A. Morrison, has concealed said sum of money or evidence of indebtedness given therefor, and thereby worked a fraud upon the said Catherine D. Morrison, and her estate. That on April 22, 1933, A. K. Hodes filed what purported to be his final account in the estate of Edward A. Morrison, but that he in no way accounted for said four thousand dollars or any part thereof. That said final account so filed by said A. K. Hodes as administrator was approved September 3, 1933, by the Probate Court. That by reason of the foregoing facts said plaintiff prays that a citation issue for said A. K. Hodes as administrator and as an individual requiring A. K. Hodes to appear before said Probate Court forthwith and to be there examined upon oath touching all matters set forth in said complaint as may be provided for in §10506-67 GC, and other provisions of the Code applicable to the grievances set forth in said petition.

No answer was filed by A. K. Hodes as administrator, or individually.

On November 6, 1936, and December 1, 1936, said matter was heard before said Probate Court, the hearing being conducted in the same manner as adversary proceedings are conducted. As a part of said proceeding A. K. Hodes was called for the purpose of cross-examination, and being first duly sworn certain questions were asked him which he answered, all of which appears in the bill of execptions of said hearing which is made part of the bill of exceptions filed in this court.

Questions were asked and answers were given by said A. K. Hodes and other witnesses, but such examinations were not signed by the witness examined, except the examinations of certain witnesses by way of depositions which are incorporated in the bill of exceptions of said hearing. The bill of exceptions of the hearing bears the certificate of the court stenographer in the usual form, as well as the certificate of the trial judge.

The Probate Court, upon said hearing, made an order as follows:

"Whereupon the court finds that said A. K. Hodes, administrator * * * and A. K. Hodes individually is not guilty of fraudulently concealing the property of the estate of Edward A. Morrison, de-

496

ceased, and/or the property of the estate of Catherine B. Morrison, deceased, and that the said A. K. Hodes administrator * * * and A. K. Hodes individually is not guilty of withholding from the estate of Edward A. Morrison, and/or the estate of Catherine B. Morrison, deceased, any property to which said estate, or either of them, is rightfully entitled * * *. It is therefore adjudged and decreed that plaintiff's petition herein be dismissed *· * *."

An appeal on questions of law was made from said order, to this court, and an appeal upon questions of law and fact was made from said order, to the Common Pleas Court.

On motion of the appellees, the appeal to this court was dismissed for the reason that the appeal from the Probate Court to the Common Pleas Court which has plenary jurisdiction of such appeal, was duly taken and perfected prior to the perfection of the appeal to this court which has jurisdiction of appeals of this character upon questions of law only.

The appeal to the Common Pleas Court, although perfected as an appeal on questions of law and fact, which the Common Pleas Court had jurisdiction to try de novo, was submitted to and treated by that court as an appeal upon questions of law only, and on August 22, 1938, the Common Pleas Court, on the submission of the cause to it, found that the finding and judgment of the Probate Court was against the weight of the evidence and for that reason reversed the judgment and remanded the cause to the Probate Court for a new trial and further proceedings according to law.

No appeal was perfected from the judgment of the Common Pleas Court, above mentioned.

Before said cause was heard in the Common Pleas Court, A. K. Hodes died and the executrix of the estate of A. K. Hodes was substituted as appellee in the Common Pleas Court but the name of the executrix was not set forth in the judgment of the Common Pleas Court.

On October 28, 1938, after the case was remanded to the Probate Court, a supplemental petition was filed by the plaintiff in the Probate Court naming and making Adlene Hodes Vermilya Miller, a daughter of A. K. Hodes, as executrix of the estate of A. K. Hodes, a party defendant, and upon an order of the court said Adlene Hodes Vermilya Miller as executrix of the estate of A. K. Hodes, deceased, was made a party defendant, and summons was duly issued for and served upon her.

Thereafter, the case came on to be heard before the Probate Court, and it having been stipulated that A. K. Hodes had died since the original trial of said cause before said court, the plaintiff offered in evidence, testimony given by A. K. Hodes on the previous trial of said cause, as disclosed by the bill of exceptions of said trial, duly certified to by the court stenographer and duly allowed

and certified to by the Judge of the Probate Court presiding at said trial, pursuant to the provisions of §11496 GC, permitting testimony of a deceased witness introduced at a previous trial of an action and incorporated in bill of exceptions duly signed by the judge or court to be used in the subsequent trial of such action.

Defendant executrix objected to the introduction of the testimony of A. K. Hodes as tendered by plaintiff, and of any other statement, for the stated reason that the cause was fully tried by the court at a former term thereof, to wit, on January 6, 1937, on which trial the court found in favor of the defendant executrix's testator both in his capacity as administrator and in his individual capacity and against the plaintiff on the issues joined therein which finding or judgment has not been reversed or modified in any way and is now the final judgment of the court, and consequently that the court has no jurisdiction to rehear the cause, as the same is now before the court on the identical pleadings and issues that the same was heard on by the court and determined by the court on February 6, 1937.

This objection was sustained by the court. Whereupon the plaintiff, to maintain the issues upon his part to be maintained, then offered to read from the bill of exceptions taken on the former trial of the cause, the entire testimony of A. K. Hodes, beginning with question number one on page seven of the bill of exceptions, up to and including question two hundred and ninety-nine and the answers to the entire two hundred and ninety-nine questions appearing on said pages of the bill of exceptions.

This proffer was objected to by the defendant executrix, and the objection sustained by the court.

E. J. Myers, attorney for plaintiff, then testified that on the previous hearing of the cause on November 6, 1936, he appeared as counsel for plaintiff and participated in the proceeding and that he is acquainted with one A. Earl Leedy, cashier of the Grogan Bank at Fremont, Ohio, and that said Leedy is not within the jurisdiction of the court nor within reach of process of the court, and that Sandusky county is not any county adjacent to Crawford county, and that he had before him the deposition of A. Earl Leedy, duly taken and certified to upon proper notice, which was used in the previous trial of the case, containing the oral testimony, with documentary evidence, then identified and annexed to said deposition, and made proffer to read from said deposition the testimony of said A. Earl Leedy.

Defendant executrix objected to this proffer and this objection was sustained by the court.

Counsel for plaintiff then offered in evidence, subject to its competency, each and every question asked of Mr. Leedy contained in his deposition annexed to and made a part of the original bill of exceptions.

To this the defendant executrix objected and the objection was sustained by the court.

Counsel for plaintiff then offered each and every question and answer separately, to which defendant executrix objected and such objection was sustained by the court.

Counsel for plaintiff then offered separately all the exhibits which had been identified in the deposition of A. Earl Leedy and which are annexed to the bill of exceptions, to which the court sustained the objection of defendant executrix.

Counsel for plaintiff then offered in evidence the transcript of the testimony contained in the bill of exceptions (Sheets' Exhibit No. 1) of Mrs. Cleota Sheets, beginning on page thirty-five of the bill of exceptions, and asked the privilege of reading the questions and answers.

To this the defendant executrix objected and the objection was sustained.

Counsel for plaintiff then offered in evidence the entire bill of exceptions in the case containing all the testimony and all the evidence whether exhibits or otherwise.

To this the defendant executrix objected and the objection was sustained by the court.

Counsel for plaintiff then introduced in evidence certain of the pleadings and journal entries in the case in Probate Court, Common Pleas Court and the Court of Appeals, to which objections were sustained.

Counsel for plaintiff then testified to the effect that he was present in the Probate Court on November 6, 1936, when A. K. Hodes was testifying as a witness in the case. He was then asked questions as to the matters testified to by A. K. Hodes. Objections were made to these questions, by the defendant which were sustained by the court, and the plaintiff, through his counsel, proffered answers to the questions tending to prove that A. K. Hodes did testify on the subject of the indebtedness and misappropriation of four thousand dollars with which he was charged, and that Hodes testified he cashed the check for four thousand dollars and put it in a pigeon hole in his safe and kept it there.

Plaintiff offered no further evidence.

The court thereupon ruled that none of said testimony was admissible and at the close of the evidence introduced and offered by plaintiff the court sustained a motion made by defendant to dismiss the action of plaintiff.

Thereafter, motion of plaintiff for a new trial having been duly filed and overruled the court rendered a judgment that the action of the plaintiff be and the same is dismissed.

This is the judgment from which this appeal is taken.

The plaintiff assigns error in the rulings of the court and in the judgment, hereinbefore set forth.

It will be noted that the objections of the defendant executrix

which were sustained by the court were all general in character and did not specify any grounds, except the one hereinbefore mentioned which specified the ground that the court did not have jurisdiction to rehear the cause.

However, in the briefs of the defendant executrix, filed herein, the grounds of her objections are specified, and may be summarized as follows:

1. That the Common Pleas Court did not have jurisdiction to hear the case as an appeal on questions of law and consequently did not have jurisdiction to render judgment reversing the judgment of the Probate Court and remanding the cause for new trial and further proceedings according to law, and not having jurisdiction so to do its judgment was a nullity and the original judgment of the Probate Court stands unreversed;

2. That this case is a special proceeding under the provisions of §10506-67 and cognate sections of the General Code and is of such character that a judgment in a proceeding under said sections can be rendered only against the person against whom a complaint of embezzling and concealing assets is made, and such proceeding cannot be prosecuted against the personal representative or representatives of such person where such person dies before final judgment is rendered.

3. That the examination of A. K. Hodes who was the defendant to the original action, in both his representative and individual capacity, was not signed by him as required by the provisions of §10506-70 GC.

We will consider the grounds of objections to the admissibility of the testimony, in the order mentioned.

(1) It seems apparent from an analysis of the provisions of the General Code that the Court of Common Pleas possessed jurisdiction of the subject-matter of the controversy. Such jurisdiction was expressly conferred by §10501-56 GC, as it existed immediately prior to its last amendment, effective June 26, 1939.

This section, then in effect, provided for an appeal to the Court of Common Pleas for trial "in the same manner as though the Court of Common Pleas had original jurisdiction thereof."

There was no provision, however, for an appeal to the Court of Common Pleas from the Probate Court for a review as on error.

After the perfecting of the appeal to the Court of Common Pleas by complying with §10501-56 et seq., GC, the case was heard, as heretofore stated, as an appeal upon questions of law, on the bill of exceptions and other original papers, and a transcript of the docket and journal entries. Judgment reversing the judgment of the Probate Court and remanding the cause for new trial and further proceedings according to law was rendered following this hearing. No appeal was taken from this judgment.

Where the proper steps have been taken, as in this case, to appeal a cause to the Court of Common Pleas which court has

500

jurisdiction of the subject-matter of the action and the parties, and the cause proceeds to trial as an appeal upon questions of law rather than as a trial de novo, as provided by the statute, the remedy of the losing party is by way of appeal from the judgment of the Common Pleas Court.

While the judgment of the Common Pleas Court was erroneous, the Common Pleas Court had jurisdiction of the subject-matter and the parties, and its judgment was not void, and not being appealed from stands in full force and effect as the judgment of that court, conclusive as to the parties and could not be challenged upon a new trial of said cause had pursuant to the mandate issued by the Common Pleas Court upon such judgment. **Drake et, Trustees v. Tucker, 83 Oh St 97, 93 N. E. 534. In re Guardianship of Sanderson, 64 Oh Ap 177.**

Plaintiff's first ground of objection to the introduction of the testimony proffered is therefore without ·merit.

(2) The purpose of §§10506-67 to 10506-77, inclusive, GC, relating to proceedings to discover concealed or embezzled assets of an estate, is not to furnish a substitute for a civil action to recover judgment for money owing to an administrator or executor, but rather to provide a speedy and effective method for discovering assets belonging to an estate and to secure possession of them for the purpose of administration. **Goodrich, Admr. v. Anderson, 136 Oh St 509.**

A proceeding under such sections of the code is special, and in order to have jurisdiction to proceed to a money judgment in such proceeding there must first be a finding that there has been a concealment of assets. **136 Oh St 509, at pages 512, 513.**

**Section 8 of Article IV of the Constitution of Ohio,** among other things, prescribes that the Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, and the settlement of the accounts of administrators, executors and guardians and such other jurisdiction in any county or counties as may be provided by law.

**Section 10501-53, GC,** among other things, prescribes that:

"Except as hereinafter provided, the probate court shall have jurisdiction:

"To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates."

"To direct and control the· conduct of fiduciaries and settle their accounts."

It further prescribes that the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.

There are no subsequent or other provisions of the General Code modifying or limiting in any manner the jurisdiction over

the above mentioned subject-matters conferred on the Probate Court by this section, although there are subsequent General Code provisions as to the procedure in and of the court in the exercise of the jurisdiction conferred.

Both under the constitutional and statutory provisions mentioned, the Probate Court had jurisdiction over the subject-matter of the instant action, and having jurisdiction of the subject-matter it had, under the last quoted provisions of the statute, plenary power at law and in equity fully to dispose of the subject-matter of the action which was properly before the court, unless the power is expressly otherwise limited or denied by statute.

Sections 10506-67 to 10506-77 GC, both inclusive, prescribe the procedure essential to the exercise of the jurisdiction of the Court upon the subject matter of this action. None of said sections nor other sections of the General Code expressly limit or deny the plenary power at law or in equity conferred on the Probate Court fully to dispose of the subject-matter of the complaint herein which is properly before the court.

As the complaint relates to a subject-matter within the jurisdiction of the court and conforms to all the requirements of the procedural statutes, the Probate Court upon finding that A. K. Hodes the defendant fiduciary, in his capacity as administrator or in his individual capacity, had concealed, embezzled or conveyed away any monies or things in action, or effects of such estate, would have plenary power at law and in equity to dispose of such matter. This being the case, the Probate Court upon the death of A. K. Hodes against whom complaint was made, had the right to substitute the executrix of his estate as a party defendant, and to set aside the confirmation of the account of the administrator against whom the complaint was made, and to render judgment against the executrix of his estate, as prescribed in §10506-73 GC, for the amount of the monies or the value of the things in action, or effects so concealed, embezzled, conveyed away or held in possession, together with the penalty prescribed in said section.

The objection of the defendant to the admission of any testimony, upon the ground that the Probate Court did not have jurisdiction to substitute the executrix of A. K. Hodes as a party defendant in the case, is therefore without merit.

(3) As hereinbefore stated, upon the original trial of this cause it was treated by the parties and the court as an adversary proceeding, and the examinations of the witnesses, including A. K. Hodes, as shown by the certificate attached to the bill of exceptions, were recorded by the official court stenographer in the same manner as any adversary proceeding and filed in the court where such examinations were taken, and the correctness of such bill of exceptions containing such examinations and its allowance were then certified to by the trial judge.

**Section 10506-70 GC,** prescribed that such examinations, including questions and answers, shall be reduced to writing, signed by the party examined, and filed in the court before which they were taken.

It is contended by the defendant appellee that the provisions of this section are mandatory and that by reason of the fact that the examination of A. K. Hodes, appearing in the bill of exceptions duly filed in said action, was not signed by him as prescribed by this section, renders the record thereof as set forth in said bill of exceptions wholly invalid and therefore inadmissible at the subsequent trial of said action.

There are two general tests for determining whether statutory provisions of the character prescribed by this section are mandatory or directory.

One of the tests is, whether the provision of the statute is of the essence of the thing to be done, and by which jurisdiction is obtained, in which event it is mandatory, or whether it relates to a mode of proceeding after jurisdiction obtained, and is incident to the exercise of the jurisdiction, in which event it is directory. Marchant v. Langward, 6 Hill (N. Y.) 647; Stryker v. Kelly, 7 Hill (N. Y.) 9; People v. Cook, 8 N. Y. 67, 14 Barb. 290; Notes, 12 L. R. A. 356.

The other test is whether the mode of action prescribed by the statute is the essence of the thing to be accomplished, in which event it is mandatory, or whether it relates to matters immaterial or of convenience, in which event it is directory. Gallup v. Smith, 59 Conn. 354; 12 L. R. A. 358.

Applying the first test mentioned, we find that jurisdiction of the subject-matter of this proceeding is conferred upon the Probate Court by the provisions of §8, **Art. IV of the Constitution of Ohio,** and by the provisions of §10501-53 GC, while the provisions of §10506-70 GC. relate to the mode of proceeding incident to the exercise of jurisdiction after jurisdiction of the court has attached to the subject-matter.

This being the case, the provisions of said Section, under the first test are directory and not mandatory.

Applying the second test mentioned, it appears that the sole purpose of the statutory provision is to accomplish the authentication of the examinations of witnesses. Authentication of such examinations may be and ordinarily is, and in the instant case was, accomplished by having the same recorded by an official court stenographer and certified to by him and by the trial judge. By such authentication the purpose of the statute was accomplished to the same extent it would have been accomplished by the signatures of the witnesses. It is a fundamental rule that the law does not require the doing of a vain thing, and where the examinations of the witnesses are recorded by an official court stenographer and authenticated by his certificate and by the certificate of the trial

judge it would be a vain thing to have such examinations authenticated by the signatures of the witnesses. The mode of action prescribed by the statute is therefore not of the essence of the thing to be accomplished but relates to immaterial matters of convenience. This being the case, the provisions of said section, under the second test, are directory and not mandatory.

The provisions of §10506-70 GC, under both the tests mentioned being directory and not mandatory, the examinations of witnesses as recorded by an official court stenographer and authenticated by his certificate and by the certificate of the trial judge and filed in the action, if otherwise admissible at a subsequent trial of the proceeding are not rendered inadmissible by the fact that such examinations are not signed by the respective witnesses.

In the instant proceeding the death of A. K. Hodes, the witness whose examination on the original trial incorporated in a bill of exceptions duly signed by the trial judge was sought to be introduced in evidence, was conceded, which, under the provisions of §11496 GC, made such examination admissible in the subsequent trial of the proceeding, and the fact that such examination was not signed by the witness did not render it inadmissible, so that the third ground of objection to the admissibility of the evidence excluded is without merit.

For the reasons hereinbefore mentioned, all the specified grounds of objection to the admissibility of the evidence excluded are therefore without merit; and there are no other grounds upon which such evidence could have been properly excluded. We consequently conclude that the court erred in rejecting the evidence proffered and in its judgment dismissing the action.

For these reasons the judgment of the Probate Court will be reversed and the cause remanded for new trial and further proceedings according to law.

KLINGER, P. J., concurs.

CROW, J., dissenting.

The decisive question is whether on the trial of the case in the Probate Court prejudicial error occurred when the court sustained the objection to the introduction of the evidence not authenticated as required by §10506-40 GC.

The jurisdiction of the Probate Court in all matters pertaining to the administration of the estates of deceased persons is conferred by the Ohio Constitution and in the respect of such conferment is precisely like the courts of appeals of the state. And it has been repeatedly held that the general assembly does not have the power to either enlarge or limit the jurisdiction of the courts of appeals, but may provide by law for the method of exercising the jurisdiction. 92 Oh St 415. Of the many decisions on that feature, 92 Oh

St 415, is typical, and the doctrine is of course applicable to the probate courts.

Wherefore it is quite plain that jurisdiction is one thing, whilst the method of exercising jurisdiction is quite another thing, each within its proper sphere being supreme.

Section 10506-70 GC, pertains exclusively to procedure in the probate courts, and its reasonableness has not been questioned in the case at bar, nor has it been claimed to be in conflict with a rule of the Probate Court established within its rule-making power.

Therefore the Section being, for all the purposes of this case, unquestionably valid, the requirement that the testimony be authenticated by the signature of the person giving it, is certainly of the essence of procedure when regard is had to the purpose to be served by signing testimony, which doubtless was to set at rest all future questions which might arise as to the correctness of the testimony either as an admission against interest, or as in conflict with testimony subsequently given upon retrial in the same court or trial de novo in an appellate court.

The statutes clearly fall within the class of mandatory ones as defined in Lewis' Sutherland Statutory Construction, Second Edition, Section 627, especially this portion: "When a statute is passed authorizing a proceeding which was not allowed by the general law before, and directing the mode in which an act shall be done the mode pointed out must be strictly pursued. It is the condition on which alone a party can entitle himself to the benefit of the statute, that its directions shall be strictly complied with. Otherwise the steps taken will be void."

Testimony not authenticated as required by the statute is in form and substance as would be a deposition not taken and transmitted in substantial compliance with the statutes governing such taking and transmission, and the decisions are many and all are to the effect that it is prejudicial error to admit a purported deposition not taken and transmitted as the statutes prescribe. 14 O. Jur. 70.

In this case it must not be forgotten that it is not only a special proceeding not provided for prior to the passage of the act of which the statute in question is a part, and that the appeal to this court is a direct attack of the judgment on the ground of error occurring at the trial, and that no one has argued that a judgment would be void and therefore subject to collateral attack, if the controversial evidence had been received and judgment had been rendered in favor of the party, from which no appeal had been taken.

As stated at the beginning of this dissent, the sole question presented by this record is, did the trial court err to the prejudice of the party who appealed the case to this court, in excluding the testimony not authenticated as the statute plainly says it must be?

The answer lies in the distinction between a voidable and a void judgment when attacked.