******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom ZARELLA, J., joins, concurring. I agree with the majority opinion, but write separately because I believe that the time has come to attempt to clarify our jurisprudence regarding the distinction between mandatory and directory statutes, and specifically the use of the term "shall" in statutory language. As I discuss more fully in this opinion, the distinction between mandatory statutes, which must be strictly complied with, and directory statutes, which merely provide direction and are of no obligatory force,[1] despite the use of the term "shall," originated in cases that involved statutes that vested power in a public official. Over time, however, parties have begun to claim that the mandatory/directory distinction applies to statutory provisions that impose substantive requirements on private persons. The state in the present case contends that General Statutes (Rev. to 2011) § 54-102g (a), which provides in relevant part that "[a]ny person who has been convicted of a . . . felony . . . shall, prior to release from custody and at such time as the [C]ommissioner [of Correction] may specify, submit to the taking of a blood or other biological sample for DNA . . . analysis," is mandatory, not directory. I agree.

As I have indicated herein, the distinction between mandatory and directory requirements first arose in cases involving statutes vesting power or jurisdiction in a public officer or body. See *Gallup* v. *Smith*, 59 Conn. 354, 357, 22 A. 334 (1890) ("statutes directing the mode of proceeding *by public officers* are directory, and are not regarded as essential to the validity of the proceedings themselves, unless it be so declared in the statute" [emphasis added; internal quotation marks omitted]); id. ("[w]here words are affirmative, and relate to the manner in which power or jurisdiction vested *in a public officer or body* is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory" [emphasis added; internal quotation marks omitted]).[2] In determining whether a statutory provision is mandatory or directory, "the test most satisfactory and conclusive is, whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial—to matter of convenience or of substance." Id., 358. When a statutory provision involving the power of a public officer or body is mandatory, strict compliance is required and the failure to strictly comply invalidates all further proceedings. Id., 356 (when statute is mandatory, "the precise mode prescribed must be pursued"); see *Santiago* v. *State*, 261 Conn. 533, 542, 804 A.2d 801 (2002) (noncompliance with mandatory provision will invalidate any future proceedings contemplated by statute).[3] In contrast, noncompliance with

a directory statute will invalidate further proceedings only if it has prejudiced the opposing party.[4] *Santiago* v. *State*, supra, 542 (noncompliance with directory statute "will not invalidate any future proceedings contemplated by the statute unless the noncompliance has prejudiced the opposing party"). Courts have not required strict compliance with statutes that relate to a matter of convenience rather than substance when they are directed at public officials because, unlike private persons, public officials ordinarily are not acting on their own behalf, but for the benefit of the public, and it would be unfair to hold members of the public responsible for acts and omissions over which they had no control. See 3 N. Singer & J. Singer, Sutherland Statutory Construction (7th Ed. 2008) § 57.15, p. 66.[5]

More recently, however, the mandatory/directory distinction has been applied to statutes that impose substantive requirements on private parties.[6] By way of example, in *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC*, 294 Conn. 311, 984 A.2d 676 (2009), the defendant contended that General Statutes § 47-280 (a), providing in relevant part that "the declarant [in a common interest community] shall complete all improvements depicted on any site plan or other graphic representation, including any surveys or plans prepared pursuant to section 47-288" was directory, not mandatory, because "the word shall is not [necessarily] dispositive on the issue of whether a statute is mandatory." (Internal quotation marks omitted.) *Southwick at Milford Condominium Assn., Inc.* v. *523 Wheelers Farm Road, Milford, LLC*, supra, 320. This court concluded that the completion requirement was a matter of substance and, therefore, was mandatory. Id., 320. In contrast, in *Weems* v. *Citigroup, Inc.*, 289 Conn. 769, 961 A.2d 349 (2008), the defendant contended that, under General Statutes § 31-71e, which provides that "[n]o employer may withhold or divert any portion of an employee's wages unless . . . (2) the employer has written authorization from the employee for deductions on a form approved by the [C]ommissioner [of Labor (commissioner)]," the requirement that an employer use a form approved by the commissioner was directory. *Weems* v. *Citigroup, Inc.*, supra, 789–90. This court agreed that the requirement was only directory because, "[i]f the employee has knowingly and voluntarily consented to the deduction at issue, and even benefited from it, then invalidating deductions because of a technical violation does not further the purpose of the wage collection statutes."[7] Id., 794 n.26.

As I previously have explained, the mandatory/directory distinction originally arose in cases involving procedural requirements directed at public officials, for reasons that are specific to that context. Accordingly, I would conclude that any substantive statute that requires a private party to perform or to refrain from

some act in order to assert his or her own rights or to protect the substantive rights of other persons is mandatory, at least in the absence of clear legislative intent to the contrary. Indeed, even *procedural* requirements directed at private parties have generally been considered mandatory, in the sense that they must be complied with in the absence of waiver or consent by the opposing party. See footnote 6 of this concurring opinion. Thus, I do not believe that in the present case we are required to consider whether the requirement of General Statutes (Rev. to 2011) § 54-102g (a) that "[a]ny person who has been convicted of a . . . felony . . . shall, prior to release from custody and at such time as the [C]ommissioner [of Correction] may specify, submit to the taking of a blood or other biological sample for DNA . . . analysis," is, as a matter of legislative intent, mandatory or directory.[8] In my view, the statute is mandatory because it uses the term "shall" and is directed at a private party.[9]

When a party has failed to comply with a mandatory statute, the only questions that the court should address are whether the mandatory requirement is subject to waiver and, if so, whether it has been waived. *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 284, 777 A.2d 645 (2001) (mandatory statute "must be complied with, absent such factors as consent, waiver or equitable tolling"); see also *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 292 Conn. 1, 57, 970 A.2d 656 ("[a]s a general rule, both statutory and constitutional rights and privileges may be waived"), cert. denied sub nom. *Bridgeport Roman Catholic Diocesan Corp.* v. *New York Times Co.*, 558 U.S. 991, 130 S. Ct. 500, 175 L. Ed. 2d 348 (2009); compare *Santiago* v. *State*, supra, 261 Conn. 543–44 (certification requirement of General Statutes § 54-95 [a] "serves important *public* and *institutional* policy objectives that are independent of, and perhaps even paramount to, the state's interest as a party to the litigation" and, therefore, cannot be waived [emphasis in original]), with *Hensley* v. *Commissioner of Transportation*, 211 Conn. 173, 178, 558 A.2d 971 (1989) (mandatory statutory requirement that trial referee " 'shall view the land' " in reassessment appeal is subject to waiver). I find it extremely doubtful, and the defendant, Mark Banks, makes no claim, that the state could waive the requirement that he submit to the taking of a DNA sample, which serves "important public . . . policy objectives"; (emphasis omitted) *Santiago* v. *State*, supra, 543; or, if so, that the state has waived it. Accordingly, it is clear to me that the defendant was required to comply with § 54-102g (a).

Of course, as the majority points out, this does not answer the separate question of whether the defendant may be compelled by force to submit to the taking of a DNA sample. Because I agree with the majority's analysis of that question, I concur with the majority

opinion.

[1] Black's Law Dictionary (4th Ed. 1968) defines a directory requirement as "[a] provision in a statute, rule of procedure, or the like, which is a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard, as opposed to an imperative or mandatory provision, which must be followed. . . . The general rule is that the prescriptions of a statute relating to the performance of a public duty are so far directory that, though neglect of them may be punishable, yet it does not affect the validity of the acts done under them, as in the case of a statute requiring an officer to prepare and deliver a document to another officer on or before a certain day." (Citation omitted.) See also id. ("Under a general classification, statutes are either 'mandatory' or 'directory,' and, if mandatory, they prescribe, in addition to requiring the doing of the things specified, the result that will follow if they are not done, whereas, if directory, their terms are limited to what is required to be done. . . . A statute is mandatory when the provision of the statute is the essence of the thing required to be done; otherwise, when it relates to form and manner, and where an act is incident, or after jurisdiction acquired, it is directory merely." [Citation omitted.]).

[2] See also *People* v. *Gray*, 58 Cal. 4th 901, 909, 319 P.3d 988, 168 Cal. Rptr. 3d 710 (2014) ("provisions defining time and mode in which *public officials* shall discharge their duties and which are obviously designed merely to secure order, uniformity, system and dispatch in the *public bureaucracy* are generally held to be directory" [emphasis added; internal quotation marks omitted]); *In re M.I.*, 989 N.E.2d 173, 181 (Ill.) ("we presume that language issuing a procedural command *to a government official* indicates an intent that the statute is directory" [emphasis added; internal quotation marks omitted]), cert. denied,     U.S.    , 134 S. Ct. 442, 187 L. Ed. 2d 296 (2013); *Ladd* v. *Lamb*, 195 Va. 1031, 1035, 81 S.E.2d 756 (1954) ("[a]s a rule a statute prescribing the time within which *public officers* are required to perform an official act regarding the rights and duties of others, and enacted with a view to the proper, orderly, and prompt conduct of business, is directory unless it denies the exercise of the power after such time, or the phraseology of the statute, or the nature of the act to be performed, and the consequences of doing or failing to do it at such time are such that the designation of the time must be considered a limitation on the power of the officer" [emphasis added; internal quotation marks omitted]); *Muskego-Norway Consolidated Schools Joint School District No. 9* v. *Wisconsin Employment Relations Board*, 32 Wis. 2d 478, 483, 151 N.W.2d 84 (1967) ("[a] statute prescribing the time within which *public officers* are required to perform an official act is merely directory" [emphasis added; internal quotation marks omitted]); Black's Law Dictionary (4th Ed. 1968) (stating under definition of "directory" that "[t]he general rule is that the prescriptions of a statute relating to the performance of a *public duty* are so far directory that, though neglect of them may be punishable, yet it does not affect the validity of the acts done under them, as in the case of a statute requiring an *officer* to prepare and deliver a document to another officer on or before a certain day" [emphasis added]).

[3] See also *People* v. *Gray*, 58 Cal. 4th 901, 909, 319 P.3d 988, 168 Cal. Rptr. 3d 710 (2014) ("[t]he mandatory or directory designation does not refer to whether a particular statutory requirement is obligatory or permissive, but instead denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates" [internal quotation marks omitted]); *Ladd* v. *Lamb*, 195 Va. 1031, 1035, 81 S.E.2d 756 (1954) ("[a] mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding" [internal quotation marks omitted]).

[4] See, e.g., *United Illuminating Co.* v. *New Haven*, 240 Conn. 422, 424 n.1, 466, 692 A.2d 742 (1997) (statute providing that "[t]he assessor or board of assessors shall notify [property owner] . . . of any . . . increase in assessed valuation" was directory because no statutory language expressly invalidated defective notice, language was indicative merely of intent to create "safe harbor" provision, time was not of essence with regard to notice and plaintiff had made no showing of prejudice [internal quotation marks omitted]).

[5] "There is an essential difference between statutory directions to public officers and to private persons. As to the former, the protection of public or private rights often depends upon the proper performance by the designated

officer, a person whose dereliction in that respect is beyond the direct and particular control of those whose rights are at stake. Thus, it has been held that omissions or failures by public officials should not prejudice the interests of those who have no direct and immediate control over the public officials. But as to the latter, frequently the individual's own rights depend upon his own compliance with statutory directions, so no one is to blame but himself for the loss of those rights by a failure to comply. Accordingly, a different rule is followed in the latter situation. Where an individual's rights depend upon his compliance with the provisions of a statute, those provisions are generally mandatory, and compliance therewith is a condition precedent to the perfection of such rights." (Footnote omitted.) 3 N. Singer & J. Singer, supra, § 57.15, pp. 66–67.

[6] The mandatory/directory distinction has also arisen in cases involving procedural time limitations on private causes of action, which is not the type of statute at issue here. In *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 267, 777 A.2d 645 (2001), this court suggested that our cases addressing the effect of a failure to comply with these timing requirements have blurred the mandatory/directory distinction with the concept of subject matter jurisdiction. See id. (This court has applied "inconsistent approaches in determining whether a time limitation is jurisdictional. One line of cases has focused on whether the legislature intended the [statutory] time limitation to be subject matter jurisdictional, and a second line of cases has focused on whether the statutory provision is mandatory or directory.").

I would note that in *Williams*, this court failed to observe that the cases it cited involving the mandatory/directory distinction, as opposed to the jurisdictional/nonjurisdictional distinction, involved statutory provisions directed at public officials. See id., 268, citing *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 681, 694 A.2d 1218 (1997) (considering whether statute requiring panel of Statewide Grievance Committee to "render its decision not later than four months from the date of the panel's determination of probable cause or no probable cause was filed with the [Statewide] [G]rievance [C]ommittee" was directory or mandatory [internal quotation marks omitted]), and *Angelsea Productions*, *Inc.* v. *Commission on Human Rights & Opportunities*, 236 Conn. 681, 689, 674 A.2d 1300 (1996) (considering whether statutes providing that "[t]he investigator shall make a finding of reasonable cause or no reasonable cause in writing and shall list the factual findings on which it is based not later than nine months from the date of filing of the complaint" and that "hearing shall be held not later than ninety days after a finding of reasonable cause" were mandatory or directory [emphasis omitted; internal quotation marks omitted]). I believe that this distinction has continued validity as applied to statutes directed at public officials. Nevertheless, I agree with the *Williams* analysis to the extent that it holds that, when considering the effect of noncompliance with a statutory time limitation imposed on a *private* party, which was the case in *Williams*; see *Williams* v. *Commission on Human Rights & Opportunities*, supra, 257 Conn. 260 n.1, 266 (considering effect of plaintiff's failure to comply with statute providing that "[a]ny complaint [of a discriminatory practice] filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination" [internal quotation marks omitted]); the proper distinction is not whether the limitation is mandatory or directory, but whether the statute is subject matter jurisdictional or, instead, the mandatory requirement can be abrogated by waiver or consent. See id., 269. I would also conclude that *all* statutes imposing a time limitation or other procedural requirement on private parties are mandatory, in the sense that they must be complied with in the absence of consent or waiver by the opposing party. See id., 284 (even nonjurisdictional time limitation directed at private party "must be complied with, absent such factors as consent, waiver or equitable tolling"); see also *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 173, 659 A.2d 138 (1995) (fact "that . . . time limitation . . . is not subject matter jurisdictional, does not mean . . . that it can be ignored with impunity"); *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, supra, 173 (nonjurisdictional time limitation "is more properly considered to be mandatory, which means that it must be complied with absent waiver or consent by the parties").

It is clear to me, therefore, that our cases have used the word "mandatory" in two distinct senses. With respect to statutes vesting power in public officials, the term "mandatory" is used to describe provisions with which the public official must strictly comply, as distinguished from "directory" provisions, which have *no* obligatory force. In contrast, with respect to

statutes placing time limitations on *private* parties, *all* such statutes are mandatory in the sense that the party must strictly comply with them, but the failure to comply strictly with a nonjurisdictional statute is fatal *only* in the absence of waiver, consent or equitable excuse. A comprehensive review of all of the hundreds, if not thousands, of Connecticut cases involving these distinctions is beyond the scope of this concurring opinion. Suffice it to say, however, that, as this court acknowledged in *Williams*, our jurisprudence in this area has not always been entirely clear or consistent. See, e.g., *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 240–43, 558 A.2d 986 (1989) (concluding that limitation on time within which subcommittee of Statewide Grievance Committee, which is public body, must conclude hearings and render proposed decision was *mandatory*, which ordinarily would mean that noncompliance would invalidate any further proceedings, but ultimately concluding that noncompliance did *not* deprive trial court of subject matter jurisdiction over presentment proceeding).

[7] I do not agree that the statutory requirement that an employer use a form approved by the commissioner is directory, i.e, that it constitutes "a mere direction or instruction of no obligatory force, and involving no invalidating consequence for its disregard . . . ." Black's Law Dictionary (4th Ed. 1968). First, I would conclude that the mandatory/directory distinction properly applies only to procedural requirements directed at public officials, and § 31-71e (2) is not directed at a public official, but requires the employer to use a form approved by the commissioner. Second, the court's conclusion in *Weems* renders the statutory language entirely superfluous and essentially allows an employer to determine for itself whether a written authorization to withhold wages complies with substantive statutory requirements that are intended to protect employees, a result that the legislature could not have contemplated. Accordingly, I believe that the sole questions that the court should have addressed in *Weems* were whether the requirement that the employer use a form approved by the commissioner was waivable and, if so, whether the plaintiffs had waived it. I express no opinion on those questions here.

[8] I note that the plain language of General Statutes (Rev. to 2011) § 54-102g (a) clearly *requires* a defendant to submit a blood or other biological sample for DNA analysis, and does not merely authorize or permit him to do so. Compare *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 262–64, 932 A.2d 1053 (2007) (statute providing that "[s]uch certificate [of authorization by the governor to settle a disputed claim by or against the state] shall constitute sufficient authority to such officer or department or agency to pay or receive the amount therein specified in full settlement of such claim" did not require officer or department to pay upon receipt of authorization, but merely authorized payment [emphasis omitted; internal quotation marks omitted]). I further note that the question of whether a statute is mandatory, i.e., it *requires* certain conduct, or *permissive*, i.e., it *authorizes* certain conduct, is different than the question of whether a statute is mandatory or *directory*, i.e., of no obligatory force. See *People* v. *Gray*, 58 Cal. 4th 901, 909, 319 P.3d 988, 168 Cal. Rptr. 3d 710 (2014) ("[t]he mandatory or directory designation does not refer to whether a particular statutory requirement is obligatory or permissive, but instead denotes whether the failure to comply with a particular procedural step will or will not have the effect of invalidating the governmental action to which the procedural requirement relates" [internal quotation marks omitted]).

[9] Whether the reasons for applying the mandatory/directory distinction in cases involving statutes directed at public officials continue to be convincing is not at issue in the present case. Accordingly, I leave that question to another day.