******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ANTHONY CARTER *v.* STATE OF CONNECTICUT
## (AC 40914)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of assault in the first degree, attempt to commit assault in the first degree, risk of injury to a child and criminal possession of a firearm, filed a petition for a new trial, alleging that he had been convicted due to fraud by the prosecutor. The trial court granted the motion for summary judgment filed by the respondent, the state of Connecticut, on the ground that the petitioner had filed the petition for a new trial past the applicable three year statute of limitations ([Rev. to 2001] § 52-582). The petitioner filed a motion for reconsideration in August, 2017, which the court denied in September, 2017, and the petitioner appealed to this court. In February, 2018, the petitioner filed a petition for certification to appeal from the denial of the petition for a new trial and a request for leave to file a late petition for certification, which the trial court denied. Subsequently, the petitioner filed a motion for reconsideration, which the court denied. On appeal, the petitioner claimed, inter alia, that the trial court abused its discretion by denying his late petition for certification to appeal. *Held* that the trial court properly denied the petitioner's request for permission to file a late petition for certification, as the petitioner failed to demonstrate how the court's ruling, based on the court's finding of a lack of good cause for the petitioner's delay, satisfied any of the criteria that constitutes an abuse of discretion; the record revealed that there was a delay of over four months from when the August, 2017 motion for reconsideration was denied and when the petitioner filed the petition for certification and the request for leave to file a late petition for certification, which was far beyond the statutory (§ 54-95 [a]) ten day time frame, and although the petitioner attributed the filing delay to errors by the office of the clerk, which incorrectly returned the petition to him, the trial court's order demonstrated that it properly considered the reasons for the petitioner's delay in filing the petition, and the petitioner did not explain how the alleged clerical error by the clerk's office led to an over four month delay in filing the petition.

Argued September 11—officially released November 5, 2019

*Procedural History*

Petition for a new trial following the petitioner's conviction of the crimes of assault in the first degree, attempt to commit assault in the first degree, risk of injury to a child and criminal possession of a firearm, brought to the Superior Court in the judicial district of Hartford, where the court, *Noble, J.*, granted the respondent's motion for summary judgment and rendered judgment thereon; thereafter, the court denied the petitioner's motion for reconsideration, and the petitioner appealed to this court; subsequently, the court, *Noble, J.*, denied the petitioner's petition for certification to appeal and motion requesting leave to file a late petition for certification; thereafter, the court, *Noble, J.*, denied the petitioner's motion for reconsideration. *Appeal dismissed.*

*Anthony Carter*, self-represented, the appellant (petitioner).

*Jo Anne Sulik*, supervisory assistant state's attorney, with whom, on the brief, was *Gail P. Hardy*, state's

attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, C. J. The self-represented petitioner, Anthony Carter, appeals from the judgment of the trial court denying his petition for a new trial. The court granted the motion for summary judgment filed by the state of Connecticut on the ground that the petitioner had filed the petition for a new trial past the applicable statute of limitations. See General Statutes (Rev. to 2001) § 52-582. The petitioner then sought to appeal the trial court's decision. His petition for certification to appeal was untimely, however, and the trial court denied his petition. On appeal, the petitioner claims that the court abused its discretion by denying his late petition for certification to appeal. We disagree and, accordingly, dismiss this appeal.

The record reveals the following relevant facts and procedural history. In 2002, the petitioner was convicted, after trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes (Rev. to 2001) § 53a-217 (a) (1). He was sentenced to a twenty-seven year prison term. In 2004, this court affirmed the conviction. *State* v. *Carter*, 84 Conn. App. 263, 283, 853 A.2d 565, cert. denied, 271 Conn. 932, 859 A.2d 931 (2004), cert. denied, 544 U.S. 1066, 125 S. Ct. 2529, 161 L. Ed. 2d 1120 (2005). The petitioner has since filed unsuccessful actions in state and federal courts, including multiple petitions seeking writs of habeas corpus and a writ of error coram nobis, motions to correct an illegal sentence and motions to set aside the judgment.[1]

In January, 2014, the petitioner commenced this action by filing a petition for a new trial pursuant to General Statutes § 52-270. The petitioner alleged that he had been convicted due to fraud by the prosecutor. Specifically, the petitioner claimed that the prosecutor made "false or misleading allegations calculated to deceive the court in order to obtain a ruling in the state's favor" regarding evidence of nine millimeter shell casings found by the Hartford Police Department.

In responding to the petition, the state asserted the special defense that the petitioner was not entitled to a new trial because the petition had been filed more than three years after judgment had been rendered and, thus, was barred by the applicable statute of limitations under General Statutes (Rev. to 2001) § 52-582. In his reply, the petitioner responded that the statute of limitations was not applicable because "judgments obtained by means of fraud may be attacked at any time and, therefore, toll the statute of limitations."

In October, 2016, the state filed a motion for summary

judgment on the ground that the petition for a new trial was filed more than eight years after the statute of limitations had passed. Thereafter, the court granted the state's motion for summary judgment on August 15, 2017. In its memorandum of decision, the court, *Noble, J.*, determined that the petitioner had been sentenced on August 2, 2002, and, therefore, the period for filing a petition for a new trial ended on August 2, 2005. See General Statutes (Rev. to 2001) § 52-582.[2]

The court noted that the petitioner sought to establish fraud on the part of the prosecutor and argued that such fraud would toll the statute of limitations. The court found, however, that the petitioner had not proffered any evidence "that there was any fraudulent concealment on the part of the [prosecutor]. The [petitioner's] petition and arguments in opposition of the motion for summary judgment are devoid of any allegations that would speak to the elements necessary to establish a fraudulent concealment and are contrary to nearly every piece of evidence submitted by the [state]." The court then granted the state's motion for summary judgment. The petitioner filed a motion for reconsideration on August 23, 2017, which the trial court denied on September 7, 2017.

The petitioner filed his appeal to this court on October 3, 2017. On February 7, 2018, the petitioner filed both a petition for certification to appeal the denial of the petition for a new trial and a request for leave to file a late petition for certification, which the petitioner titled "Motion to Accept Late Filing of Petition for Certification," with the trial court. On February 9, 2018, the court denied the petitioner's request for leave to file a late petition for certification. The court also denied the petition for certification. In response to the court's orders, the petitioner filed a motion for reconsideration on March 2, 2018. The court denied the motion for reconsideration on March 26, 2018.

On appeal, the petitioner raises four issues in his brief. First, the petitioner argues that the court abused its discretion by denying his motion to reconsider his petition for a new trial because the court improperly based its decision on claims of fraudulent concealment. Second, the petitioner contends that the court's granting of the state's motion for summary judgment was improper because the petitioner's claims involved questions of motive and intent. Third, the petitioner argues that rendering summary judgment in favor of the state was improper because the court did, pursuant to § 52-270 (a), have jurisdiction to hear the petitioner's "fraud on the court claim" beyond the three year statute of limitations of General Statutes (Rev. to 2001) § 52-582. Lastly, the petitioner claims that the court abused its discretion by denying his motion to reconsider following the court's denial of his motion to file a late petition for certification.

In response, the state counters that the court did not abuse its discretion in denying the petitioner's request for leave to file a late petition for certification. Alternatively, the state argues that the court properly granted the state's motion for summary judgment. We need not address the court's granting of the motion for summary judgment, however, because we agree with the state's first argument that the court properly denied the petitioner's request for leave to file a late petition for certification. Therefore, we dismiss the appeal.

General Statutes § 54-95 (a) provides in relevant part: "No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case . . . certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court . . . ." The petitioner here filed his motion for leave to file a late petition for certification over four months after the denial of the August 23, 2017 motion for reconsideration, far beyond the ten day time frame.[3]

In *Santiago* v. *State*, 261 Conn. 533, 540–44, 804 A.2d 801 (2002), our Supreme Court held that, even though the failure to comply with § 54-95 (a) is not a jurisdictional bar to an appeal from the denial of a petition for a new trial, the certification requirement is mandatory. Noting the statute's goals of conserving judicial resources by reducing frivolous appeals, the court further held that the petitioner in that case was not entitled to appellate review of the trial court's judgment until he satisfied the certification requirement. Id., 543, 545.

In that decision, our Supreme Court further noted that "the decision of whether to entertain an untimely request for certification to appeal . . . is within the sound discretion of the [trial] court. . . . In exercising that discretion, the court should consider the reasons for the delay." (Citation omitted.) Id., 544–45 n.17. Our Supreme Court explained that "[the trial] court will be required to decide whether to excuse the petitioner's delay in filing his petition for certification to appeal . . . with due regard to the length of the delay, the reasons for the delay, and any other relevant factors." Id., 545 n.18.

In the present case, the record reveals that there was a delay of over four months from when the August 23, 2017 motion for reconsideration was denied and when the petitioner filed the petition for certification and the request for leave to file a late petition for certification. In his request for leave to file a late petition for certification, the petitioner attributed the filing delay to errors by the office of the clerk, which incorrectly returned the petition to him. In response, the court stated that it "is without authority to extend the time for filing the appeal to a date which is more than twenty days from

the expiration date of the appeal period. . . . More-over, the petitioner has failed to establish good cause for a delay of over four months after the expiration of the appeal period . . . ."[4] (Citation omitted.) The order demonstrates that the court considered the reasons for the petitioner's delay in filing the petition, as required by *Santiago* v. *State*, supra, 261 Conn. 544–45 nn.17 and 18. The petitioner does not explain how the alleged clerical error by the clerk's office led to an over four month delay in filing the petition. The determination by the court demonstrates that it considered the reasons the petitioner offered for his delay in filing the petition and, after doing so, denied the petitioner's petition.

The petitioner has failed to demonstrate how the court's ruling, based on the court's finding of a lack of good cause for the petitioner's delay, satisfies any of the criteria that constitutes abuse of discretion. Accordingly, we conclude that the court's denial of the petitioner's request for permission to file a late petition for certification was proper.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] The petitioner also brought another appeal that was argued the same day as the present matter. That appeal stems from the dismissal of a motion to set aside the petitioner's 2002 conviction. There the petitioner claimed that the judgment should be set aside due to fraud allegedly committed by the prosecutor during his trial. See *State* v. *Carter*, 194 Conn. App.       , A.2d       (2019).

[2] General Statutes (Rev. to 2001) § 52-582, the version of the statute that was in effect at the time the petitioner committed the crimes, which remained unchanged at the time the petitioner filed his petition for a new trial in 2014, provided: "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of, except that a petition based on DNA (deoxyribonucleic acid) evidence that was not discoverable or available at the time of the original trial may be brought at any time after the discovery or availability of such new evidence." General Statutes § 52-582 (a) currently provides in relevant part: "No petition for a new trial in any civil or criminal proceeding shall be brought but within three years next after the rendition of the judgment or decree complained of, except that a petition for a new trial in a criminal proceeding based on DNA (deoxyribonucleic acid) evidence or other newly discovered evidence . . . that was not discoverable or available at the time of the original trial . . . may be brought at any time after the discovery or availability of such new evidence . . . ." The revised language of the statute does not affect our analysis.

[3] The petitioner argues that the court abused its discretion in denying the petition for certification even though it was filed beyond the statutory time limit. In order to demonstrate abuse of discretion in the denial of the petition for certification, the petitioner must demonstrate "[1] that the issues are debatable among jurists of reason; [2] that a court could resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Emphasis omitted; internal quotation marks omitted.) *Seebeck* v. *State*, 246 Conn. 514, 534, 717 A.2d 1161 (1998). We need not address this argument in light of our determination that the request for leave to file a late petition for certification to appeal was properly denied.

[4] In the court's order denying the request for leave to file a late petition for certification, the court stated that it "is without authority to extend the time for filing the appeal to a date which is more than twenty days from the expiration date of the appeal period." Because, here, an appeal to this court had already been filed when the request for leave to file a late petition for certification was filed in February, 2018, the court's statement was not pertinent. The motion before the court was not a request to file a late appeal

but a request to file a late petition for certification. Notwithstanding the court's misstatement alluding to its lack of authority, it properly considered the causes and the length of the delay in the petitioner's filing of the late petition for certification.

_____