## RUBEN SANTIAGO *v.* STATE OF CONNECTICUT
## (SC 16577)

Borden, Norcott, Palmer, Vertefeuille and Zarella, Js.

Argued March 19—officially released August 27, 2002

534

*C. Simon Davidson,* with whom, on the brief, was *Michael G. Considine,* for the appellant (petitioner).

*Michael E. O'Hare,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Rosita M. Creamer,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PALMER, J. This certified appeal requires us to decide whether an appellate tribunal has subject matter jurisdiction to entertain an appeal from the denial of a petition for a new trial when the petitioner has failed to seek certification to appeal pursuant to General Statutes § 54-95 (a).[1] We conclude that a petitioner's failure to seek certification to appeal pursuant to § 54-95 (a) does not deprive the appellate tribunal of jurisdiction over the appeal. We nevertheless conclude that an appellate tribunal should decline to entertain an appeal challenging the denial of a petition for a new trial until the petitioner first has sought certification to appeal pursuant to § 54-95 (a).

---

[1] General Statutes § 54-95 (a) provides: "Any defendant in a criminal prosecution, aggrieved by any decision of the Superior Court, upon the trial thereof, or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for a new trial or writ of error, in the same manner and with the same effect as in civil actions. No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. It shall be sufficient service of any such writ of error or petition for a new trial to serve it upon the state's attorney for the judicial district where it is brought."

A jury found the petitioner, Ruben Santiago, guilty of conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-59 (a) (1)[2] and 53a-48,[3] rioting at a correctional institution in violation of General Statutes § 53a-179b,[4] and possession of a weapon or dangerous instrument in a correctional institution in violation of General Statutes § 53a-174a,[5] in connection with the petitioner's participation in an altercation at a correctional institution in Enfield on September 28, 1990. The trial court rendered judgment in accordance with the jury's verdict, sentencing the petitioner to a total effective term of twenty years imprisonment. The petitioner appealed to the Appellate Court, which affirmed the judgment of conviction. *State v. Santiago*, 48 Conn. App. 19, 32, 708 A.2d 969, cert. denied, 245 Conn. 901, 719 A.2d 1164 (1998). Thereafter, the petitioner filed a petition for a new trial pursuant to General Statutes § 52-270,[6] alleging the existence of

---

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

[3] General Statutes § 53a-48 provides in relevant part: "(a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy. . . ."

[4] General Statutes § 53a-179b provides in relevant part: "(a) A person is guilty of rioting at a correctional institution when he incites, instigates, organizes, connives at, causes, aids, abets, assists or takes part in any disorder, disturbance, strike, riot or other organized disobedience to the rules and regulations of such institution. . . ."

[5] General Statutes § 53a-174a provides in relevant part: "(a) A person is guilty of possession of a weapon or dangerous instrument in a correctional institution when, being an inmate of such institution, he knowingly makes, conveys from place to place or has in his possession or under his control any firearm, weapon, dangerous instrument, explosive, or any other substance or thing designed to kill, injure or disable. . . ."

[6] General Statutes § 52-270 provides in relevant part: "(a) The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . to any defendant . . . when a just

newly discovered evidence of juror bias. After an evidentiary hearing, the trial court, on May 9, 2000, rendered judgment denying the petition.

On May 25, 2000, the petitioner appealed from the judgment denying the petition for a new trial to the Appellate Court without first seeking certification to appeal pursuant to § 54-95 (a).[7] On April 5, 2001, the state moved to dismiss the petitioner's appeal,[8] claiming that the Appellate Court lacked subject matter jurisdiction because the petitioner had failed to seek certification to appeal in accordance with § 54-95 (a). The Appellate Court granted the state's motion to dismiss.[9] We then granted the petitioner's petition for certification to appeal from the order of the Appellate Court dismissing the petitioner's appeal, limited to the following issue: "Did the Appellate Court properly dismiss the [petitioner's] appeal for lack of subject matter jurisdiction based on the [petitioner's] failure to seek certification to appeal pursuant to . . . § 54-95 (a)?" *Santiago* v. *State*, 258 Conn. 906, 782 A.2d 139 (2001). Although we conclude that the petitioner's failure to seek certification to appeal pursuant to § 54-95 (a) does not constitute a jurisdictional bar to the petitioner's appeal from the judgment of the trial court denying his petition for a new trial, we nevertheless determine that

---

defense in whole or part existed . . . or for other reasonable cause, according to the usual rules in such cases. . . ."

[7] In accordance with § 54-95 (a), "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court . . . certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court." General Statutes § 54-95 (a); see also footnote 1 of this opinion.

[8] The state previously had sought and received two extensions of time within which to file its brief. The petitioner's brief was filed on November 9, 2000.

[9] The Appellate Court issued an order, without opinion, granting the state's motion to dismiss the petitioner's appeal.

he is not entitled to appellate review of the trial court's judgment until he has satisfied the certification requirement of § 54-95 (a). Accordingly, we affirm the order of the Appellate Court dismissing the petitioner's appeal, albeit on different grounds.

The state and the petitioner assert diametrically opposed positions on the issue of whether compliance with the certification requirement of § 54-95 (a) constitutes a jurisdictional prerequisite to an appeal from the denial of a petition for a new trial. The state claims that compliance with the certification requirement of § 54-95 (a) is a jurisdictional prerequisite whereas the petitioner claims that it is not. We conclude that that issue—and therefore the present case—is controlled by our recent decision in *Seebeck* v. *State*, 246 Conn. 514, 517, 533, 717 A.2d 1161 (1998), in which we held that a trial court's denial of a request, made pursuant to § 54-95 (a), for certification to appeal is not a jurisdictional bar to an appeal from the denial of a petition for a new trial.

In *Seebeck*, the petitioner, Erich Seebeck, had filed a petition for a new trial that was denied by the trial court. Id., 526. In accordance with § 54-95 (a), Seebeck sought permission from the trial court to appeal that court's denial of his petition for a new trial. Id. The trial court, however, denied Seebeck's request for certification to appeal. Id. Notwithstanding the trial court's denial of certification, Seebeck appealed.[10] Id., 516.

The state claimed that Seebeck's appeal should have been dismissed on the ground that the trial court's denial of certification deprived this court of subject matter jurisdiction over the appeal. See id., 527. In claiming that this court had subject matter jurisdiction

---

[10] Seebeck appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and what is now Practice Book § 65-1. *Seebeck* v. *State*, supra, 246 Conn. 516 n.2.

to entertain his appeal notwithstanding the trial court's denial of certification; id., 526–27; Seebeck cited our decision in *Simms* v. *Warden*, 229 Conn. 178, 187–89, 640 A.2d 601 (1994) (*Simms I*), in which we examined General Statutes § 52-470 (b),[11] which governs appeals from the denial of a petition for a writ of habeas corpus. Section 52-470 (b), in language similar to that found in § 54-95 (a), requires a habeas petitioner to seek and obtain certification to appeal from an adverse judgment of the habeas court. In *Simms I*, we construed § 52-470 (b) to allow a habeas petitioner to obtain appellate review of the denial of a request for certification to appeal from the judgment of the habeas court denying the habeas petition. *Simms I*, supra, 189; see also *Simms* v. *Warden*, 230 Conn. 608, 609, 646 A.2d 126 (1994) (*Simms II*).[12] In *Simms II*, we concluded that

[11] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the Supreme Court or Appellate Court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[12] In *Simms I*, the trial court dismissed certain counts of a habeas petition and subsequently denied the remaining counts. See *Simms I*, supra, 229 Conn. 179–80. Pursuant to § 52-470 (b), the petitioner, Floyd Simms, sought and was denied certification to appeal from the habeas court's adverse decision. See id., 180. Simms brought a writ of error seeking this court's review of the trial court's denial of his habeas petition. See id. We held that this court lacked subject matter jurisdiction over a writ of error in which the plaintiff in error (the habeas petitioner) seeks appellate review of the denial of a habeas petition after the habeas court has denied certification to appeal. Id. Consequently, we dismissed the writ of error. Id., 189. We concluded, however, that a habeas petitioner whose request for certification to appeal is denied may "invoke appellate jurisdiction for plenary review of the *decision of the habeas court* [*to deny certification to appeal*] upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that an injustice appears to have been done." (Emphasis added.) Id.

In *Simms II*, supra, 230 Conn. 609, we invoked our appellate jurisdiction under General Statutes § 52-265a and granted Simms permission to appeal from the habeas court's denial of certification to appeal. Id. We concluded

"the legislature intended the certification requirement [of § 52-470 (b)] . . . to define the scope of our review and not to limit the jurisdiction of the appellate tribunal." *Simms II*, supra, 615. In light of the similarity of the language, purpose and history of §§ 52-470 (b) and 54-95 (a), we concluded in *Seebeck* that § 54-95 (a), like § 52-470 (b), does not erect a jurisdictional barrier to an appeal but, rather, defines the scope of appellate review. *Seebeck* v. *State*, supra, 246 Conn. 530–33. We also concluded in *Seebeck* that the standard of appellate review under § 54-95 (a) is the same as the standard of appellate review under § 52-470 (b), namely, whether the trial court abused its discretion in denying the petitioner's request for certification to appeal.[13] Id., 533–34.

The state seeks to distinguish *Seebeck* from the present case on the ground that, in the former case, Seebeck sought certification to appeal, pursuant to § 54-95 (a), from the trial court's judgment denying his petition for a new trial; id., 516, 526; whereas in the present case, the petitioner did not seek certification to appeal pursuant to § 54-95 (a). Although we do not minimize the significance of the petitioner's procedural default, we nevertheless are not persuaded that it constitutes a jurisdictional bar to appellate review of the trial court's denial of his petition for a new trial. A contrary conclu-

---

that Simms did not meet his burden of establishing that the habeas court's denial of certification constituted an abuse of discretion. See id., 616.

[13] In *Seebeck*, we concluded, in accordance with the standards adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), for the issuance of certificates of probable cause to appeal from a federal court's denial of habeas relief, that a petitioner satisfies his burden of establishing a court's abuse of discretion in denying a timely request under § 54-95 (a) for certification to appeal from the denial of a petition for a new trial, "by demonstrating: [1] that the issues are debatable among jurists of reason; [2] that a court *could* resolve the issues [in a different manner]; or [3] that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Seebeck* v. *State*, supra, 246 Conn. 534, quoting *Simms II*, supra, 230 Conn. 616.

sion would be inconsistent with our reasoning and holding in *Seebeck* v. *State*, supra, 246 Conn. 533, that § 54-95 (a) was not intended to limit the jurisdiction of the appellate tribunal.

Our conclusion that we have jurisdiction to entertain the petitioner's appeal, however, does not end our inquiry. As this court previously has stated, statutorily imposed conditions to appellate review must be satisfied in the absence of good reason for excusal. Cf., e.g., *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 269–70, 777 A.2d 645 (2001); *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, 233 Conn. 153, 173, 659 A.2d 138 (1995). Accordingly, apart from the jurisdictional issue, we must determine whether the certification requirement of § 54-95 (a) is mandatory or directory.[14]

"The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. . . . If it is a matter of substance, the statutory provision is mandatory. If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words." (Internal quotation marks omitted.) *Stewart* v. *Tunxis Service Center*, 237 Conn. 71, 77, 676 A.2d 819 (1996); accord *Katz* v. *Commissioner of Revenue Services*, 234 Conn. 614, 617, 662 A.2d 762 (1995).

We conclude that the certification requirement of § 54-95 (a) is mandatory. First, the statutory language

---

[14] We note that neither party addressed this issue but, rather, focused solely on whether, under the facts of the present case, compliance with § 54-95 (a) is a jurisdictional prerequisite to the petitioner's appeal.

is cast in negative terms. "The legislature, rather than phrasing the [certification requirement] in affirmative terms unaccompanied by negative words, as is often done with directory provisions; see, e.g., *Winslow* v. *Zoning Board*, 143 Conn. 381, 387–88, 122 A.2d 789 (1956) (statutory provision that 'petition shall be scheduled for at least one public hearing to be held within sixty days' held directory because time limitation stated in affirmative terms); instead chose . . . negative phrasing . . . ." *Stewart* v. *Tunxis Service Center*, supra, 237 Conn. 78. Specifically, General Statutes § 54-95 (a) provides in relevant part that "[*n*]*o appeal may be taken* from a judgment denying a petition for a new trial *unless* . . . the judge who heard the case or a judge of the Supreme Court or the Appellate Court . . . certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or the Appellate Court. . . ." (Emphasis added.) "The legislature's use of such negative terminology suggests that it intended [the certification requirement of § 54-95 (a)] to be mandatory." *Stewart* v. *Tunxis Service Center*, supra, 78.

Second, as we explained in *Seebeck* v. *State*, supra, 246 Conn. 531, an important legislative policy objective of § 54-95 (a) is to discourage frivolous appeals.[15] The certification requirement of § 54-95 (a) is the means chosen by the legislature to accomplish that end. The fact that the certification requirement is integral to a fundamental purpose or objective of the statute strongly supports the conclusion that the certification requirement is mandatory.

---

[15] We observed in *Seebeck* that Senator John H. Filer, one of the sponsors of the legislation that added the requirement of certification to §§ 54-95 (a) and 52-470 (b), stated during the floor debate on the proposed legislation that the certification provisions were intended "to reduce successive frivolous appeals in criminal cases [that] hasten ultimate justice." (Internal quotation marks omitted.) *State* v. *Seebeck*, supra, 246 Conn. 531 n.10, quoting 7 S. Proc., Pt. 5, 1957 Sess., p. 2936.

Furthermore, a contrary conclusion would lead to an untenable result, namely, that a petitioner who ignores the certification requirement of § 54-95 (a) will be better off than a petitioner who complies with it. If a statutory provision is directory rather than mandatory, a party's noncompliance therewith will not invalidate any future proceedings contemplated by the statute unless the noncompliance has prejudiced the opposing party. See, e.g., *Metropolitan District Commission* v. *AFSCME, Council 4, Local 184*, 237 Conn. 114, 122–23, 676 A.2d 825 (1996); *Stewart* v. *Tunxis Service Center*, supra, 237 Conn. 77; *State* v. *Metz*, 230 Conn. 400, 409, 645 A.2d 965 (1994). Consequently, if we were to conclude that the certification requirement of § 54-95 (a) is directory rather than mandatory, a petitioner whose petition for a new trial has been denied likely would be free to bypass the certification requirement of § 54-95 (a) with impunity because the state generally will be unable to show any prejudice arising from the petitioner's noncompliance. Such a result not only would thwart the purpose of § 54-95 (a), but also would encourage a petitioner to ignore the certification requirement to avoid the dual risk that certification will be denied and that the petitioner will be unable to demonstrate on appeal from denial of certification that the denial constituted an abuse of discretion. In other words, a petitioner who ignores the certification requirement nevertheless would be able to proceed directly to appellate review of the merits of the denial of his petition for a new trial, whereas the petitioner whose properly filed petition for certification is denied first must persuade the appellate tribunal, as a prerequisite to obtaining appellate review of the merits of his unsuccessful new trial petition, that the denial of his certification petition constituted an abuse of discretion. "We ordinarily read statutes with common sense and so as not to yield [such] bizarre results." *Southington* v. *Commercial Union Ins. Co.*,

254 Conn. 348, 360, 757 A.2d 549 (2000). For these reasons, we conclude that the certification requirement of § 54-95 (a) is mandatory rather than directory.

The petitioner contends that the state has waived its right to seek dismissal of the petitioner's appeal because the state did not file its motion to dismiss until ten months and one week after the petitioner had filed his appeal. See Practice Book § 66-8.[16] We do not believe, however, that conventional notions of waiver and consent apply in circumstances in which, as in the present case, a petitioner has failed altogether to comply with the certification requirement of § 54-95 (a). Although we acknowledge that, typically, noncompliance with a mandatory statutory provision may be waived, either explicitly or implicitly, by the parties; e.g., *Stewart* v. *Tunxis Service Center*, supra, 237 Conn. 80; see *Federal Deposit Ins. Corp.* v. *Hillcrest Associates*, supra, 233 Conn. 173; those exceptions to the general rule requiring strict compliance with a mandatory statutory provision were created in recognition of the fact that a party may relinquish its right to demand strict adherence to a mandatory statutory provision by virtue of its own failure to enforce that right.

As we previously have noted, however, the fundamental objective of the certification requirement of § 54-95 (a) is reducing frivolous appeals in criminal cases. See *Seebeck* v. *State*, supra, 246 Conn. 531 and n.10; see also footnote 15 of this opinion. This objective includes the goal of conserving judicial resources. In light of this statutory objective, it is apparent that the certification requirement of § 54-95 (a) serves important *public* and *institutional* policy objectives that are independent of,

---

[16] Practice Book § 66-8 provides in relevant part: "Any claim that an appeal . . . should be dismissed . . . shall be made by a motion to dismiss the appeal . . . . Any such motion must be filed in accordance with Sections 66-2 and 66-3 within ten days after the filing of the appeal . . . provided that a motion based on lack of jurisdiction may be filed at any time. . . ."

and perhaps even paramount to, the state's interest as a party to the litigation. Thus, the fact that the state allegedly had failed to file a timely motion to dismiss the petitioner's appeal is insufficient reason for this court to entertain that appeal when the petitioner has not sought certification to appeal. In other words, any purported waiver by the state of the certification requirement of § 54-95 (a) simply is not an adequate substitute for compliance with that requirement in light of the policy objectives of the statutory provision that embraces that requirement.

As we previously have acknowledged, "[t]he opportunity for a new trial when new evidence comes to light provides a defendant [a] . . . critical procedural mechanism for remedying an injustice." *Seebeck* v. *State*, supra, 246 Conn. 531. We also have observed that the opportunity to appeal from the denial of a petition for a new trial has "recognized value . . . in remedying injustice . . . ." Id., 533. On the basis of our conclusion in *Seebeck*; id.; and in the present case that the certification requirement of § 54-95 (a) is not subject matter jurisdictional, it necessarily follows that a petitioner who, like the petitioner in the present case, fails to comply with the ten day limitation period for seeking certification to appeal under § 54-95 (a) is not jurisdictionally barred from filing a request for certification to appeal after that ten day limitation period has run. Cf. *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 697, 699 A.2d 1003 (1997) (analogous ten day limitation period for seeking certification to appeal from denial of petition for writ of habeas corpus pursuant to § 52-470 [b] not subject matter jurisdictional). Nevertheless, we see no reason why an appellate tribunal should entertain an appeal from a denial of a petition for a new trial unless the petitioner first has sought certification to appeal pursuant to § 54-95 (a).[17]

---

[17] Of course, the decision of whether to entertain an untimely request for certification to appeal under § 54-95 (a) is within the sound discretion of

Accordingly, we will not entertain the petitioner's appeal on the merits of the trial court's denial of the petition for a new trial; the petitioner first must seek certification to appeal pursuant to § 54-95 (a). If his request for certification to appeal is denied, then he may seek appellate recourse in accordance with our holding in *Seebeck* v. *State*, supra, 246 Conn. 533.[18]

The order of the Appellate Court dismissing the petitioner's appeal is affirmed.

In this opinion the other justices concurred.

the court. See *Iovieno* v. *Commissioner of Correction*, supra, 242 Conn. 700 (decision of whether to entertain untimely petition, filed pursuant to § 52-470 [b], for certification to appeal from adverse judgment of habeas court "left to the sound discretion of the habeas court"). In exercising that discretion, the court should consider the reasons for the delay. Id. On appeal, we employ an abuse of discretion standard in reviewing a trial court's denial of a petition for certification to appeal under § 54-95 (a) on grounds of untimeliness.

[18] In the event that the petitioner does seek certification to appeal from the judgment of the trial court denying his petition for a new trial, that court will be required to decide whether to excuse the petitioner's delay in filing his petition for certification to appeal; see footnote 17 of this opinion; with due regard to the length of the delay, the reasons for the delay, and any other relevant factors. In considering the length of the delay, the trial court should be mindful of the fact that most of that delay is attributable to the petitioner's efforts to seek direct appellate review from the judgment denying his petition for a new trial. Because the procedural avenue followed by the petitioner in the present case appears to have raised an issue of first impression in this state, we do not believe that the delay resulting from the appellate litigation of that issue should be weighed heavily, if at all, against the petitioner.