******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JAMES A. MITCHELL *v.* STATE
OF CONNECTICUT
(AC 40927)

Keller, Moll and Bishop, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of attempt to commit
murder, conspiracy to commit murder, kidnapping in the first degree,
conspiracy to commit kidnapping in the first degree, sexual assault in
the first degree, conspiracy to commit sexual assault in the first degree,
assault in the first degree, conspiracy to commit assault in the first
degree and criminal possession of a firearm, appealed to this court from
the judgment of the trial court denying his request for leave to file a
late petition for certification to appeal from the denial of his petition
for a new trial. The petitioner claimed that the trial court abused its
discretion in denying his request because the court, in considering the
length of the delay in filing the request, did not consider the reasons
for the delay or any other factors relevant to permitting a late filing
and, instead, denied his request on the basis of the merits of his appeal.
*Held* that the trial court did not abuse its discretion in denying the
petitioner's request for leave to file a late petition for certification to
appeal; there was a substantial delay of close to one year between the
time the petitioner filed his appeal and his request for leave to file a late
petition for certificate to appeal, in his request for leave the petitioner
attributed the delay to the fact that he had not been provided with
a written notice of appeal procedures and the statutory certification
requirement, which neither the state nor the court were obligated to
provide to the petitioner, and although the court, in its memorandum
of decision, referenced the merits of the petitioner's claims on appeal,
it also made clear that its decision was based in large part on the
petitioner's delay, and the court, which explicitly concluded that the
petitioner's claims were meritless and too late, considered the length
of the petitioner's delay and afforded due regard to the reasons for
the delay.

Argued January 9—officially released March 5, 2019

*Procedural History*

Amended petition for a new trial following the petitioner's conviction of the crimes of attempt to commit murder, conspiracy to commit murder, kidnapping in the first degree, conspiracy to commit kidnapping in the first degree, sexual assault in the first degree, conspiracy to commit sexual assault in the first degree, assault in the first degree, conspiracy to commit assault in the first degree and criminal possession of a firearm, brought to the Superior Court in the judicial district of Hartford and tried to the court, *Hon. Edward J. Mullarkey*, judge trial referee; judgment denying the petition, from which the petitioner appealed to this court, which dismissed the appeal; subsequently, the court, *Hon. Edward J. Mullarkey*, judge trial referee, denied the petitioner's request for leave to file a late petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Dante R. Gallucci*, assigned counsel, for the appellant (petitioner).

*Denise B. Smoker*, senior assistant state's attorney,

with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Donna Mambrino*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, James A. Mitchell, appeals from the trial court's denial of his request for leave to file a late petition for certification to appeal from the denial of his petition for a new trial. On appeal, the petitioner claims that the court abused its discretion in denying his request because the court, in considering the length of the delay in filing the request, did not consider the reasons for the delay or any other factors relevant to permitting a late filing but, rather, addressed the merits of the petitioner's appeal. We dismiss this appeal.

The following procedural history was outlined by this court in the petitioner's habeas appeal: "In 2005, following a jury trial, the petitioner was convicted of attempt to commit murder in violation of General Statutes §§ 53a-49 (a), 53a-8 and 53a-54a, conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a, kidnapping in the first degree in violation of General Statutes §§ 53a-8 and 53a-92 (a) (2) (A), conspiracy to commit kidnapping in the first degree in violation of General Statutes §§ 53a-48 and 53a-92 (a) (2) (A), sexual assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-70 (a) (1), conspiracy to commit sexual assault in the first degree in violation of General Statutes §§ 53a-48 and 53a-70 (a) (1), assault in the first degree in violation of General Statutes §§ 53a-8 and 53a-59 (a) (5), conspiracy to commit assault in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-59 (a) (5), and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1). The court imposed a total effective sentence of fifty-seven years imprisonment.

"The petitioner appealed from the judgment of conviction to this court, which affirmed the judgment of the trial court. *State* v. *Mitchell*, 110 Conn. App. 305, 955 A.2d 84, cert. denied, 289 Conn. 946, 959 A.2d 1012 (2008)." *Mitchell* v. *Commissioner of Correction*, 156 Conn. App. 402, 404, 114 A.3d 168, cert. denied, 317 Conn. 904, 114 A.3d 1220 (2015). During the pendency of the petitioner's direct appeal, he filed a petition for a new trial on January 18, 2006.[1] In 2010, the petitioner filed a petition for a writ of habeas corpus, which the habeas court denied. Id., 406–407. This court affirmed that decision. Id., 421.

Following a period of several years, during which the petitioner's direct and habeas appeals were decided, a hearing on the petition for a new trial was held on divers dates in 2016. On August 22, 2016, the trial court, *Hon. Edward J. Mullarkey*, judge trial referee, issued a memorandum of decision denying the petition for a new trial. On September 28, 2016, the petitioner appealed from the trial court's denial of his petition for a new trial. On September 5, 2017, the petitioner was

notified by this court that a petition for certification to appeal had not been filed as required pursuant to General Statutes § 54-95 (a).[2] Thereafter, on September 8, 2017, the petitioner filed a request for leave to file a petition for certification to appeal with the trial court. On September 14, 2017, after a hearing, this court dismissed the petitioner's appeal for failure to comply with § 54-95 (a).

On October 12, 2017, the trial court, relying on § 54-95 (a) and our Supreme Court's decision in *Santiago* v. *State*, 261 Conn. 533, 804 A.2d 801 (2002), denied the petitioner's request for leave to file a late petition for certification to appeal. This appeal followed.

The petitioner's sole claim on appeal, related to the trial court's denial of his request for leave to file a late petition for certification to appeal, does not merit extensive discussion. In *Santiago* v. *State*, supra, 261 Conn. 539, 543, our Supreme Court held that, even though the failure to comply with § 54-95 (a) is not a jurisdictional bar to an appeal from the denial of a petition for a new trial, "the certification requirement of § 54-95 (a) is mandatory rather than directory." In addition, the court in *Santiago* rejected the petitioner's argument that the state had waived its right to seek dismissal of the petitioner's appeal, concluding that "any purported waiver by the state of the certification requirement of § 54-95 (a) simply is not an adequate substitute for compliance with that requirement . . . ." Id., 544. As such, the court concluded that there was "no reason why an appellate tribunal should entertain an appeal from a denial of a petition for a new trial unless the petitioner first has sought certification to appeal pursuant to § 54-95 (a)." Id. In reaching this conclusion, the court noted that "the decision of whether to entertain an untimely request for certification to appeal . . . is within the sound discretion of the [trial] court. . . . In exercising that discretion, the court should consider the reasons for the delay." (Citation omitted; internal quotation marks omitted.) Id., 544–45 n.17. The court further reiterated that "[the trial] court will be required to decide whether to excuse the petitioner's delay in filing his petition for certification to appeal . . . *with due regard to the length of the delay, the reasons for the delay, and any other relevant factors*." (Citation omitted; emphasis added.) Id., 545 n.18.

In the case at hand, the petitioner claims that in denying his request for leave to file a late petition, the trial court abused its discretion by failing to consider the reasons for the delay and, instead, denied his request on the basis of the merits of his appeal. We are unpersuaded.

The record makes clear that there was a substantial delay of close to one year between the time the petitioner filed his appeal and his request for leave to file

a late petition for certification to appeal. Moreover, in his request for leave, the petitioner attributed the delay to not being provided with a written notice of appeal procedures. Neither § 54-95 (a) nor our case law creates any obligation on the part of the state or the court to provide a petitioner with notice of the statutory certification requirement, and, even if such a requirement existed, any inference that the failure to provide notice constituted a "waiver by the state of the certification requirement of § 54-95 (a) *simply is not an adequate substitute for compliance with that requirement. . . .*" (Emphasis added.) Id., 544. In the trial court's memorandum of decision, although the petitioner is correct that it referenced the merits of the petitioner's claims on appeal, it also made clear that its decision was based in large part on the petitioner's delay, citing § 54-95 (a). Indeed, the court explicitly concluded that the "[p]etitioner's claims are meritless and *too late*." (Emphasis added.) Accordingly, by considering the length of the petitioner's delay, the court afforded due regard to the reasons for the delay, and, thus, the court's denial of the petitioner's request for leave to file a late petition for certification to appeal was not an abuse of discretion.

The appeal is dismissed.

[1] The petitioner subsequently filed an amended petition for a new trial, which was dated November 18, 2013.

[2] General Statutes § 54-95 (a) provides in relevant part that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court."