******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

ANGELO REYES *v.* STATE OF CONNECTICUT
(AC 43571)

Elgo, Cradle and Pellegrino, Js.

*Syllabus*

Pursuant to statute (§ 54-95 (a)), "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ."

The petitioner, who had been convicted of arson in the second degree, conspiracy to commit criminal mischief in the first degree, and conspiracy to commit burglary in the first degree, appealed to this court from the judgment of the trial court denying his petition for a new trial. After the parties had filed their initial appellate briefs, this court ordered that, at oral argument, they be prepared to address whether the appeal should be dismissed because the petitioner failed to seek certification to appeal pursuant to § 54-95 (a), and, at oral argument, the state requested a dismissal of the appeal due to the petitioner's failure to comply with that requirement. This court then ordered the parties to file supplemental briefs on the issue. *Held* that the appeal was dismissed due to the petitioner's failure to seek certification to appeal pursuant to § 54-95 (a): pursuant to *Santiago* v. *State* (261 Conn. 533), compliance with § 54-95 (a) is mandatory, and an appellate tribunal should not entertain an appeal from the denial of a petition for a new trial unless the petitioner first has sought certification to appeal pursuant to the statute; accordingly, this court declined to entertain the petitioner's appeal.

Argued September 9, 2021—officially released February 15, 2022

*Procedural History*

Petition for a new trial following the petitioner's conviction of arson in the second degree, conspiracy to commit criminal mischief in the first degree, and conspiracy to commit burglary in the first degree, brought to the Superior Court in the judicial district of New Haven and tried to the court, *Alander, J.*; judgment denying the petition, from which the petitioner appealed to this court. *Appeal dismissed.*

*Norman A. Pattis*, with whom were *Zachary E. Reiland*, and, on the brief, *Kevin Smith*, and *Cameron Atkinson*, certified legal intern, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Craig Nowak*, senior assistant state's attorney, and *Patrick J. Griffin*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Angelo Reyes, appeals from the judgment of the trial court, claiming that it improperly denied his petition for a new trial. The dispositive issue is whether the appeal should be dismissed due to the petitioner's failure to comply with the certification requirement of General Statutes § 54-95 (a). We answer that query in the affirmative and, accordingly, dismiss the appeal.

Following a jury trial, the petitioner was convicted of two counts of arson in the second degree in violation of General Statutes § 53a-112 (a) (2), two counts of conspiracy to commit criminal mischief in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-115 (a) (1), and one count of conspiracy to commit burglary in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-101 (a) (1).[1] From that judgment of conviction, the petitioner unsuccessfully appealed to our Supreme Court. See *State* v. *Reyes*, 325 Conn. 815, 818, 160 A.3d 323 (2017).

On June 15, 2017, the petitioner commenced the present action for a new trial pursuant to General Statutes § 52-270 (a).[2] The petition was predicated on evidence of third-party culpability that the petitioner claimed was newly discovered. The petitioner also alleged that the respondent, the state of Connecticut, had failed to disclose exculpatory evidence in violation of *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

The trial court held a hearing on the petition, at which the petitioner presented the testimony of four witnesses. In its subsequent memorandum of decision, the court found that the evidence of third-party culpability offered by the petitioner "was not material to the issues at [his criminal] trial and certainly not likely to produce a different result in the event of a new trial." The court further found that the exculpatory evidence that the respondent allegedly failed to disclose "was known to the petitioner prior to his trial." The court thus denied the petition for a new trial and rendered judgment in favor of the respondent.

On November 1, 2019, the petitioner filed an appeal of that judgment with this court. Oral argument on that appeal was scheduled for September 9, 2021. On August 27, 2021, this court ordered: "The parties are hereby notified to be prepared to address at oral argument on September 9, 2021, whether this appeal should be dismissed because the petitioner failed to seek certification to appeal pursuant to [§] 54-95 (a). See *Santiago* v. *State*, 261 Conn. 533, 544–45 [804 A.2d 801] (2002)."

Argument before this court proceeded as scheduled on September 9, 2021, at which time the respondent requested a dismissal of the appeal due to the petitioner's failure to comply with the certification requirement

of § 54-95 (a). By order dated September 10, 2021, this court ordered the parties to file supplemental briefs on that issue; both parties complied with that order.

With that context in mind, we turn to the statutory mandate at issue. Section 54-95 (a) provides in relevant part that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ." As our Supreme Court has noted, § 54-95 (a) places "limits on when a petitioner may appeal from the denial of a petition for a new trial . . . ." *Jones* v. *State*, 328 Conn. 84, 106, 177 A.3d 534 (2018). The Supreme Court has held that, although the limitation codified in § 54-95 (a) is not jurisdictional in nature, compliance therewith is "mandatory." *Santiago* v. *State*, supra, 261 Conn. 540. For that reason, the court concluded that there is "no reason why an appellate tribunal should entertain an appeal from a denial of a petition for a new trial unless the petitioner first has sought certification to appeal pursuant to § 54-95 (a)." Id., 544.

In the present case, the petitioner never sought certification to appeal pursuant to § 54-95 (a) prior to commencing this appeal. Guided by the precedent of our Supreme Court, we therefore decline to entertain the petitioner's appeal.[3]

The appeal is dismissed.

[1] The relevant facts underlying the petitioner's conviction are set forth in the decision on his direct criminal appeal. See *State* v. *Reyes*, 325 Conn. 815, 818–19, 160 A.3d 323 (2017). It would serve no useful purpose to recount them here.

[2] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . ."

[3] Two weeks after oral argument was held before this court, the petitioner filed a "request for leave to file [an] untimely petition for certification to appeal [and] petition for certification to appeal" in the trial court, a copy of which he appended to his supplemental appellate brief. Because that filing, at present time, remains pending before the trial court, it is not properly before us.