******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## JOSE RAMOS *v.* STATE OF CONNECTICUT
### (AC 46815)

Suarez, Clark and Wilson, Js.

*Syllabus*

The petitioner, who had previously been convicted of murder, appealed from the judgment of the trial court denying his petition for a new trial. The respondent, the state of Connecticut, argued that the appeal should be dismissed due to the petitioner's failure to comply with the certification requirement of the statute (§ 54-95 (a)) governing an appeal by a defendant in a criminal prosecution from a judgment denying a petition for a new trial. *Held*:

This court dismissed the petitioner's appeal from the trial court's judgment denying his petition for a new trial, as the petitioner never sought certification to appeal pursuant to § 54-95 (a) prior to commencing the appeal and never filed a request to file a late petition for certification to appeal with the trial court to cure his noncompliance with that statute.

Argued October 9—officially released December 2, 2025

*Procedural History*

Petition for a new trial following the petitioner's conviction of the crime of murder, brought to the Superior Court in the judicial district of New London, where the case was transferred to the judicial district of Tolland and tried to the court, *Newson, J.*; judgment denying the petition, from which the petitioner appealed to this court. *Appeal dismissed.*

*Jose Ramos*, self-represented, the appellant (petitioner).

*Nathan J. Buchok*, assistant state's attorney, with whom, on the brief, were *Paul Narducci*, state's attorney, and *Jo Anne Sulik*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Jose Ramos, appeals from the judgment of the trial court,

claiming that it improperly denied his petition for a new trial. The respondent, the state of Connecticut, argues, inter alia,[1] that the appeal should be dismissed due to the petitioner's failure to comply with the certification requirement of General Statutes § 54-95 (a).[2] We agree with the respondent and, accordingly, dismiss the appeal.

Following a jury trial, the petitioner was convicted of murder in violation of General Statutes § 53a-54a.[3] The petitioner appealed, and this court affirmed the judgment of conviction. *State* v. *Ramos*, 178 Conn. App.

---

[1] The respondent also argues that the trial court did not abuse its discretion in denying the petitioner's petition for a new trial, that the court's evidentiary rulings were not an abuse of its discretion, and that certain of the petitioner's claims were inadequately briefed. Because we dismiss the appeal in light of the petitioner's failure to comply with General Statutes § 54-95 (a), we need not address these additional arguments.

We further note that, although the respondent did not file a motion to dismiss the appeal within the time limit prescribed for the dismissal of nonjurisdictional defects under our rules of practice; see Practice Book § 66-8; our Supreme Court has stated that the certification requirement in § 54-95 is not subject to waiver due to the state's failure to file a motion to dismiss the appeal within the time limit prescribed in light of the "important public and institutional policy objectives" of the certification requirement, namely, the conservation of judicial resources. *Mitchell* v. *State*, 338 Conn. 66, 76, 257 A.3d 259 (2021).

[2] General Statutes § 54-95 (a) provides: "Any defendant in a criminal prosecution, aggrieved by any decision of the Superior Court, upon the trial thereof, or by any error apparent upon the record of such prosecution, may be relieved by appeal, petition for a new trial or writ of error, in the same manner and with the same effect as in civil actions. No appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. It shall be sufficient service of any such writ of error or petition for a new trial to serve it upon the state's attorney for the judicial district where it is brought."

[3] The relevant facts underlying the petitioner's conviction are set forth in the decision on his direct criminal appeal. See *State* v. *Ramos*, 178 Conn. App. 400, 402–403, 175 A.3d 1265 (2017), cert. denied, 327 Conn. 1003, 176 A.3d 1195 (2018), cert. denied, 585 U.S. 1007, 138 S. Ct. 2656, 201 L. Ed. 2d 1056 (2018). We need not recount them again here.

400, 402, 175 A.3d 1265 (2017), cert. denied, 327 Conn. 1003, 176 A.3d 1195 (2018), cert. denied, 585 U.S. 1007, 138 S. Ct. 2656, 201 L. Ed. 2d 1056 (2018).

On May 27, 2016, the petitioner commenced the present action for a new trial pursuant to General Statutes § 52-270 (a).[4] On June 16, 2016, the petitioner filed, under a separate docket, a petition for a writ of habeas corpus (habeas action). See *Ramos* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-16-4008151-S.

In March, 2019, the court granted the petitioner's motion to transfer the present action from the Superior Court in the judicial district of New London to the Superior Court in the judicial district of Tolland. In January, 2022, the petitioner filed a motion to consolidate the present action for a new trial with his habeas action. The court denied the motion to consolidate but ordered that the cases would be tried together by agreement of the parties. The petitioner also filed a motion for summary judgment in March, 2022, which the court denied.[5]

On July 21, 2022, the petitioner filed his operative second amended petition for a new trial. The petitioner alleged therein, inter alia,[6] that he was entitled to a new trial on the basis of newly discovered evidence.

---

[4] General Statutes § 52-270 (a) provides in relevant part: "The Superior Court may grant a new trial of any action that may come before it, for . . . the discovery of new evidence . . . ."

[5] The petitioner filed a petition for certification to appeal the court's denial of his motion for summary judgment, which was denied by the court. The petitioner appealed to this court, which granted the respondent's motion to dismiss for lack of a final judgment.

[6] In his petition for a new trial, the petitioner also alleged, among other things, that his prior counsel improperly failed to assert certain claims in his original petition, which had been filed by counsel before he began to proceed in this action as a self-represented party. Although the petitioner's brief to this court is not a model of clarity, he does not appear to challenge the trial court's decision with respect to those other allegations on appeal.

Specifically, the petitioner alleged that one of the state's witnesses at his criminal trial, Shavahna Kincade, admitted after the trial that she had been under the influence of psychedelic mushrooms when she testified. He further alleged that Kincade's testimony was unreliable because she had petitioned the court for reward money after the petitioner's criminal trial, and that all of the state's witnesses provided false statements to the police before the petitioner's arrest.

The court held a consolidated trial on the petition for a new trial and the petition for a writ of habeas corpus over three days, from December 1, 2022, to May 10, 2023. The court heard testimony from several witnesses, including Kincade, and admitted exhibits into evidence.

In its subsequent memorandum of decision dated July 11, 2023, the court denied the petition for a writ of habeas corpus and the petition for a new trial. With respect to the petition for a new trial, the court first noted that many of the petitioner's allegations in support of his petition for a new trial overlapped with those he alleged in his petition for a writ of habeas corpus. The court then rejected the petitioner's claims in support of his petition for a new trial, including his claim of newly discovered evidence. As to the allegation that Kincade was under the influence of drugs at the time she testified, the court noted that Kincade denied this allegation and that the petitioner "presented no credible evidence to the contrary." Similarly, the court rejected the petitioner's claim that Kincade's credibility was undermined by her petition for reward money and found that the petitioner did not offer any credible evidence in support of this claim. Finally, the court concluded that the petitioner's claim that the state's witnesses provided false statements failed for a "complete lack of evidence." The court accordingly rendered judgment

in favor of the respondent.[7] The petitioner filed a motion to reargue, which the court denied. This appeal followed.

We now turn to the statutory mandate at issue. Section 54-95 (a) provides in relevant part that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ." In *Jones* v. *State*, 328 Conn. 84, 106, 177 A.3d 534 (2018), our Supreme Court stated that § 54-95 (a) places "limits on when a petitioner may appeal from the denial of a petition for a new trial," noting the requirement that the petitioner must first obtain certification. Furthermore, although the limitation codified in § 54-95 (a) is not jurisdictional, compliance therewith is "mandatory." *Santiago* v. *State*, 261 Conn. 533, 540, 804 A.2d 801 (2002). Accordingly, our Supreme Court stated that there is "no reason why an appellate tribunal should entertain an appeal from a denial of a petition for a new trial unless the petitioner first has sought certification to appeal pursuant to § 54-95 (a)." Id., 544.

In the present case, the petitioner never sought certification to appeal pursuant to § 54-95 (a) prior to commencing this appeal. This failure warrants the dismissal

---

[7] The petitioner filed a separate appeal from the habeas court's judgment denying his petition for a writ of habeas corpus. That appeal remains pending before this court. See generally *Ramos* v. *Commissioner of Correction*, Connecticut Appellate Court, Docket No. 46912 (appeal filed September 13, 2023).

The petitioner also filed an appeal from the trial court's judgment dismissing his petition for a writ of error coram nobis, which was filed in the docket relating to his underlying criminal conviction. See *State* v. *Ramos*, Superior Court, judicial district of New London, Docket No. CR-12-0119499-T. This court affirmed that judgment. *State* v. *Ramos*, 235 Conn. App. 908, 908, 344 A.3d 328 (2025). These appeals, as well as the present appeal, were not consolidated but were argued together before this court.

of the appeal. See, e.g., *Reyes* v. *State*, 210 Conn. App. 714, 718, 270 A.3d 741 (dismissing appeal when petitioner did not seek certification to appeal under § 54-95 (a)), cert. denied, 343 Conn. 909, 273 A.3d 695 (2022). The petitioner filed a petition for certification to appeal in his habeas action, but he did not do so in the present case.[8] See *Ramos* v. *Commissioner of Correction*, supra, Superior Court, Docket No. CV-16-4008151-S. The petitioner also never filed a request to file a late petition for certification to appeal with the trial court to cure his noncompliance with § 54-95 (a).[9] Our Supreme Court

[8] The habeas court denied the petitioner's petition for certification in his habeas action. See *Ramos* v. *Commissioner of Correction*, supra, Superior Court, Docket No. CV-16-4008151-S (August 1, 2023).

[9] We recognize that, on December 6, 2023, after this appeal was filed, this court issued an order dismissing the petitioner's "motion for reconsideration/reargument en banc." That order stated incorrectly that "[t]here is no certification requirement to appeal from the denial of a petition for a new trial," and cited to General Statutes § 52-470, the statute governing petitions for certification to appeal in habeas matters, rather than § 54-95 (a). This order, however, does not change the mandatory certification requirement of § 54-95 (a). As noted by the respondent in its brief to this court, the petitioner's motion for reconsideration "[did] not mention the certification requirement or any petition for certification to appeal from the denial of his petition for a new trial." The ten day period to file a petition for certification passed well before the petitioner appealed to this court and well before this court issued the December, 2023 order. As stated previously, the petitioner never filed a request for permission to file a late petition for certification to appeal.

To the extent that, at oral argument before this court, the petitioner attempted to argue for the first time that we should certify the present appeal after the statutory deadline, we decline his invitation. Specifically, the petitioner argued that, "[i]f this court's instructions [in its December 6, 2023 order] were incorrect, then . . . I ask that this court . . . give me the opportunity to do it the way that the court wishes for me to do so." It is true that § 54-95 vests authority "equally in the trial judge and appellate judges to certify the appeal." *Mitchell* v. *State*, supra, 338 Conn. 66, 77 n.6, 257 A.3d 259 (2021). Our Supreme Court explained in *Mitchell*, however, that this "novel" feature has "not yet been considered by our appellate courts"; id.; and the petitioner has not offered any case in which an appellate court has certified an appeal pursuant to § 54-95. Moreover, the petitioner did not offer a sufficient basis for his failure to file a timely petition for certification to appeal within the statutory deadline. He also has not offered any persuasive reason as to why he did not file a request to file a late petition for certification at any point before December 6, 2023, approximately

in *Mitchell* v. *State*, 338 Conn. 66, 257 A.3d 259 (2021), recently stated that noncompliance with the certification requirement of § 54-95 (a) was a defect that could be cured even after the statutorily prescribed time limit, but noted that the court in *Santiago* "refused to countenance *abject noncompliance* with the certification requirement . . . ." (Emphasis added.) Id., 76; see also *State* v. *Morrissette*, 265 Conn. 658, 668, 830 A.2d 704 (2003) ("[s]tatutes authorizing . . . appeal[s] in . . . criminal case[s] must be strictly followed" (internal quotation marks omitted)). Although the petitioner's habeas action and the present action were tried together and presented similar factual issues, they were not consolidated. Furthermore, in his petition for a new trial, the petitioner presented a claim of newly discovered evidence, a claim that he did not allege in his habeas petition.[10]

We recognize that the petitioner is self-represented and that the court heard his petition for a new trial together with his petition for a writ of habeas corpus. The fact that the petitioner is self-represented, however, does not excuse him from compliance with the mandatory certification requirement in § 54-95 (a).[11] See, e.g., *Sokolovsky* v. *Mulholland*, 213 Conn. App. 128, 147, 277

four months after the trial court denied his motion to reargue on July 29, 2023. See, e.g., *Carter* v. *State*, 194 Conn. App. 208, 215–16, 220 A.3d 886 (2019) (trial court did not abuse its discretion in denying request for leave to file late petition for certification when record revealed delay of more than four months from when motion for reconsideration was denied and time that petitioner filed request).

[10] In his habeas petition, the petitioner alleged claims of actual innocence, violations of his due process and equal protection rights, and ineffective assistance of his criminal trial counsel.

[11] As stated previously, the petitioner had filed a motion for summary judgment in the present case, which was denied by the trial court. The petitioner did file a petition for certification to appeal from that decision, which was denied. Presumably, the petitioner was aware that he was required to file a petition for certification in order to appeal the court's denial of his motion for summary judgment.

A.3d 138 (2022) ("[t]he fact that the plaintiff is self-
represented does not excuse him from compliance with
the [statutory] limitation period"); *Kelsey* v. *Commis-
sioner of Correction*, 202 Conn. App. 21, 42, 244 A.3d
171 (2020) ("ignorance of the limitation period or lack
of legal experience generally is insufficient cause to
excuse an untimely filed [action]"), aff'd, 343 Conn.
424, 274 A.3d 85 (2022). Our Supreme Court previously
stated in *Santiago*, in concluding that the certification
requirement in § 54-95 (a) is mandatory, that "an
important legislative policy objective of § 54-95 (a) is
to discourage frivolous appeals. . . . The certification
requirement of § 54-95 (a) is the means chosen by the
legislature to accomplish that end." (Footnote omitted.)
*Santiago* v. *State*, supra, 261 Conn. 541. Accordingly,
we decline to entertain the petitioner's appeal on the
merits of the trial court's denial of his petition for a
new trial.[12] See id., 545.

The appeal is dismissed.

_____

[12] Accordingly, we need not address the respondent's alternative argument
that, even if we were to construe the petition for certification filed in the
habeas action as having been filed in the present case, the petitioner did
not adequately brief any claim that the trial court abused its discretion in
denying the petition for certification pursuant to *Goguen* v. *Commissioner
of Correction*, 341 Conn. 508, 522, 267 A.3d 831 (2021).