******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# EARL THOMPSON *v.* DAVID ZAGAJA
## (AC 48849)

Alvord, Moll and Wilson, Js.

*Syllabus*

The petitioner appealed from the trial court's judgment granting the respondent's motion for summary judgment on statute of limitations grounds as to his petition for a new trial. The petitioner claimed, inter alia, that the court abused its discretion in permitting the respondent to file a motion for summary judgment in an untimely manner. *Held*:

This court dismissed the appeal in accordance with our Supreme Court's directive in *Santiago* v. *State* (261 Conn. 533) that an appellate court should decline to entertain an appeal challenging the denial of a petition for a new trial until the petitioner has first sought certification to appeal pursuant to statute (§ 54-95 (a)), as the petitioner failed to obtain such certification.

Argued May 19—officially released June 16, 2026

*Procedural History*

Petition for a new trial following the petitioner's conviction of the crimes of conspiracy to commit robbery in the first degree, robbery in the first degree, and kidnapping in the first degree as an accessory, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. Carl J. Schuman*, judge trial referee, granted the respondent's motion for summary judgment and rendered judgment thereon, from which the petitioner appealed to this court. *Appeal dismissed*.

*Earl Thompson*, self-represented, the appellant (petitioner).

*Connor Reed*, special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Earl Thompson, appeals from the judgment of the trial court granting, on statute of limitations grounds, the motion for summary judgment filed by the respondent, David

Zagaja,[1] as to the petitioner's petition for a new trial. Because the petitioner failed to obtain certification to appeal from the trial court, the appeal is dismissed.

General Statutes § 54-95 (a) provides in relevant part that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ." In *Santiago* v. *State*, 261 Conn. 533, 804 A.2d 801 (2002), our Supreme Court held that, although the failure to seek certification does not deprive an appellate court of subject matter jurisdiction over the appeal, the certification requirement is nonetheless "mandatory"; id., 540; such that an appellate court "should decline to entertain an appeal challenging the denial of a petition for a new trial until the petitioner first has sought certification to appeal pursuant to § 54-95 (a)." Id., 534.

In the present case, the petitioner did not obtain certification to appeal pursuant to § 54-95 (a) prior to filing this appeal.[2] As a result, in accordance with our Supreme Court's directive in *Santiago*, we dismiss this appeal. We note, however, that the petitioner may file a late petition for certification and that "the decision of whether to entertain an untimely request for certification to appeal under § 54-95 (a) [would be] within the sound discretion of the [trial] court." Id., 544–45 n.17; see also id., 545 n.17 (on appeal, appellate court employs abuse of discretion standard in reviewing trial court's denial

[1] The respondent was the assistant state's attorney who prosecuted the criminal case against the petitioner and now is a judge of the Superior Court.

[2] In this context, we consider the trial court's judgment granting the respondent's motion for summary judgment to be the functional equivalent of a judgment denying a petition for a new trial for purposes of § 54-95 (a).

of petition for certification to appeal under § 54-95 (a) on timeliness grounds**).**

The appeal is dismissed.