******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEVEN K. STANLEY *v.* STATE
OF CONNECTICUT ET AL.
(AC 48871)

Alvord, Elgo and Seeley, Js.

*Syllabus*

The petitioner, who had previously been convicted of, inter alia, criminal
violation of a protective order, appealed from the trial court's judgment
granting the respondents' motions to dismiss and to strike his petition for
a new trial. *Held*:

This court dismissed the petitioner's appeal from the trial court's judgment
granting the respondents' motions to dismiss and to strike, as the petitioner
never sought certification to appeal as required by the statute (§ 54-95 (a))
governing an appeal taken from a judgment denying a petition for a new trial.

Argued June 3—officially released June 30, 2026

*Procedural History*

Petition for a new trial following the petitioner's con-
viction of, inter alia, the crime of criminal violation of
a protective order, brought to the Superior Court in the
judicial district of New Britain and transferred to the
judicial district of Hartford, where the court, *Shaikh,
J.*, granted the named respondent's motion to dismiss
and the motion to strike and to dismiss filed by the defen-
dant William Tong and rendered judgment thereon,
from which the petitioner appealed to this court. *Appeal
dismissed.*

*Steven K. Stanley*, self-represented, the appellant
(petitioner).

*Opinion*

PER CURIAM. The self-represented petitioner, Ste-
ven K. Stanley, appeals from the judgment of the trial
court granting the motion to dismiss filed by the respon-
dent State of Connecticut and the motion to strike and
to dismiss filed by the respondent William Tong, as to
the petitioner's petition for a new trial.[1] Because the

―――――――――
[1] Although the petitioner originally captioned his complaint as a "civil
tort claims act," he pursued claims under General Statutes § 52-270,

petitioner failed to obtain certification to appeal from the trial court, the appeal is dismissed.[2]

General Statutes § 54-95 (a) provides in relevant part that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the Supreme Court or the Appellate Court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the Supreme Court or by the Appellate Court. . . ." In *Santiago* v. *State*, 261 Conn. 533, 804 A.2d 801 (2002), our Supreme Court held that, although the failure to seek certification does not deprive an appellate court of subject matter jurisdiction over the appeal, the certification requirement is nonetheless "mandatory"; id., 540; such that an appellate court "should decline to entertain an appeal challenging the denial of a petition for a new trial until the petitioner first has sought certification to appeal pursuant to § 54-95 (a)." Id., 534.

In the present case, the petitioner did not obtain certification to appeal pursuant to § 54-95 (a) prior to filing this appeal.[3] As a result, in accordance with our Supreme Court's directive in *Santiago*, we dismiss this appeal. We note, however, that the petitioner may file a late petition for certification and that "the decision of whether to entertain an untimely request for certification

and confirmed with the trial court following a status conference that his action was brought as a petition for a new trial.

[2]The respondents did not file a brief in this court. On February 2, 2026, this court ordered that this appeal shall be considered on the basis of the petitioner's brief and appendix, the record, as defined by Practice Book § 60-4, and oral argument by the petitioner.

On May 26, 2026, this court notified the petitioner to be prepared to address at oral argument "whether this appeal should be dismissed because the petitioner failed to seek certification to appeal pursuant to General Statutes § 54-95 (a). See *Santiago* v. *State*, 261 Conn. 533, 544–45 [804 A.2d 801] (2002); *Ramos* v. *State*, 236 Conn. App. 560, 564–67 [348 A.3d 488] (2025)."

[3]In this context, we consider the trial court's judgment granting the respondents' motions to dismiss and to strike and to dismiss to be the functional equivalent of a judgment denying a petition for a new trial for purposes of § 54-95 (a).

to appeal under §54-95 (a) [would be] within the sound discretion of the [trial] court." Id., 544–45 n.17; see also id., 545 n.17 (on appeal, appellate court employs abuse of discretion standard in reviewing trial court's denial of petition for certification to appeal under §54-95 (a) on timeliness ground).

The appeal is dismissed.